## THE WROUGHT IRON BRIDGE COMPANY OF CANTON, OHIO,

### *v.*

## COMMISSIONERS OF HIGHWAYS OF TOWNS OF UTICA AND DEER PARK.

*Filed at Ottawa September 26, 1881—Rehearing denied March Term, 1882.*

1.  EVIDENCE—*under general issue in assumpsit.*  Under the general issue in assumpsit it devolves upon the plaintiff to prove the defendant's promise, as charged in the declaration, by direct proof, or to show by the evidence a state of facts from which the law will imply such promise.

2.  PLEADING—*sufficiency of declaration admitted by pleading the general issue.*  By pleading the general issue in assumpsit the defendant, as a general rule, impliedly admits the legal sufficiency of the declaration, and the right of the plaintiff to recover upon proof of the facts therein charged.  But there are cases in which, notwithstanding this implied admission, the declaration will be insufficient to support a judgment for the plaintiff.

3.  APPEALS—*reviewing questions of fact by Supreme Court.*  The decision of the Appellate Court upon all questions of controverted fact is made final and conclusive upon this court by the statute, except as to certain classes of cases enumerated therein.

4.  The statutory provision making the judgments of the Appellate Courts "final and conclusive as to all matters of fact in controversy," embraces not only the principal facts upon which a right to recover is claimed, but also the evidentiary facts, or facts which are mere evidence of the principal facts,—in other words, it includes the ultimate facts to be proven on the trial, together with all subordinate facts offered as evidence of their existence.

5.  SAME—*inference as to the facts from a finding against plaintiff.*  Where an issue of fact is found against the plaintiff by both the circuit and Appellate courts, the legal inference is that the plaintiff failed to prove the principal facts upon which his right to recover rested,—in other words, that the evidentiary facts did not sustain the principal or ultimate facts.

6.  SAME—*decision of Appellate Court not conclusive on questions of law.*  If, during the progress of a trial, the court improperly admits or excludes evidence, or otherwise commits error, except in passing upon questions of fact in its final determination, and such erroneous ruling or other error is preserved in the record, and the Appellate Court fails to correct it, it may be done in this court.

7.  PRACTICE—*mode of presenting and preserving questions of law on a trial by the court.*  On a trial by the court alone, if the counsel has any doubt as to the correctness of the view of the law of the case as held by the court, he should prepare and submit written propositions of law as he

understands it, to be held or refused by the court, and thus preserve for review any erroneous view of the law applicable to the case which the court may entertain.

8. Same—*general objection to evidence—what it will embrace.* Objections of a general character to the admission of evidence will be regarded as going only to its competency or relevancy.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of La Salle county; the Hon. George W. Stipp, Judge, presiding.

Mr. E. F. Bull, for the appellant.

Messrs. Mayo & Widmer, for the Commissioners of the town of Utica.

Mr. G. S. Eldredge, Mr. H. T. Gilbert, and Messrs. Lawrence, Campbell & Lawrence, for the Commissioners of the town of Deer Park.

Mr. Justice Mulkey delivered the opinion of the Court:

This was an action of assumpsit, brought in the La Salle county circuit court, by the Wrought Iron Bridge Company of Canton, Ohio, against the Commissioners of Highways of the towns of Deer Park and of Utica, to recover an indebtedness alleged to be due from the latter to the former, on account of the erection and construction of a wrought iron bridge over the Illinois river, which is the dividing line between the two towns.

The declaration contains three counts, the first and third special, the second general. The third count sets out with great particularity the facts relied on for a recovery. To this declaration the plea of *non assumpsit* alone was interposed, and by agreement of parties the cause was tried by the court without the intervention of a jury, resulting in a finding and judgment for the defendants, which, on appeal

to the Appellate Court for the Second District, was affirmed, and thereupon the plaintiff in the action, by further appeal, brought the cause to this court.

Under the pleadings thus formed it devolved upon the plaintiff to establish the defendants' promise, as charged in the declaration, by direct proof, or to show by the evidence a state of facts from which the law would imply such promise. In either case the controversy involved in the issue formed turned upon the existence or non-existence of certain facts, for by pleading the general issue the defendant impliedly admitted the legal sufficiency of the declaration, and the right of the plaintiff to recover upon the proof the facts therein charged. It is true that a case might occur where, notwithstanding such implied admission, the declaration would be legally insufficient to support the action, in which case the judgment should of course be for the defendant, let the evidence be what it might. But it is not claimed that any such case is presented by the present record. The legislature, whether wisely or unwisely, has provided in emphatic terms that this court, when exercising its appellate jurisdiction in cases like the one before us, shall review the judgments and rulings of the court below upon questions of law only. Except in certain classes of cases, to which the present case does not belong, the decision of the Appellate Court upon all questions of controverted facts is made final and conclusive, and in this respect the jurisdiction of the Appellate Court is superior or more extensive than the jurisdiction of this court, though with respect to all other matters reviewable here it is an inferior court.

Since this court, then, is not permitted to review questions of fact, it is important in giving practical effect to the statute to have a clear conception of what is meant by questions of fact, as contradistinguished from questions of law. Whatever occurs or exists is properly termed a fact, hence facts are distinguished as being either conditions or states of things and events. They are also distinguished as either physical

or psychological.    But when considered with reference to the office which they perform in, and the relation they bear to, the trial of a cause in a court of justice, the most important subdivision of facts, so far as the present inquiry is concerned, is that which distinguishes them into "principal" and "evidentiary." The plaintiff in every action either assumes or expressly charges upon the record the existence of certain facts, upon the proof or admission of which his right of recovery depends. These facts thus assumed or directly alleged to exist are the principal facts pertaining to the suit. Sometimes they are established or proved by direct testimony, but they are often—indeed most generally—established by the proof of other facts, from which their existence is inferred. The latter being mere evidence of the principal facts are properly designated as evidentiary facts, and are so known to the law. Both of these classes of facts we understand to fall within the statutory provisions that make the judgments of the Appellate Court "final and conclusive as to *all matters of fact* in controversy." In short, we understand that the ultimate facts to be proven on the trial, together with all subordinate facts offered as mere evidence of their existence, fall within the general statutory description "all matters of fact in controversy," and as to such matters the statute declares the judgment of the Appellate Court shall be final. The ultimate propositions to be proven, the evidence submitted in support of them, the finding of the trial court on those propositions, and the judgment of the Appellate Court upon such finding, are matters which this court is not permitted to review, where no exception has been taken or question of law has otherwise been preserved upon the record.

In this case, as we have already seen, there was simply an issue of fact formed between the parties, and that issue was found by both the circuit and Appellate courts against the plaintiff. The logical as well as the legal conclusion to be drawn from such finding is, that the plaintiff failed to prove

the principal facts upon which its right to recover rested,—
in other words, the evidentiary facts did not sustain the prin-
cipal facts.   But it may be urged, as it often is in cases of
this kind, that by looking to the record this court will see
that the issue of fact ought to have been decided the other
way—that the evidence showed a clear and unquestioned
right of recovery in the plaintiff.   Concede this to be so,
what does it prove?   Simply that the trial court found the
issue in favor of the defendants, when it should have found
it against them, and that the Appellate Court, the only legal
tribunal authorized to correct that error, has failed to do it,
and here the matter must end, in the same way as if the
error had been committed by this court.   And there is no
hardship in this which is not liable to occur under any sys-
tem of laws, for all courts of final resort occasionally err.
The law having made the decision of the Appellate Court
final and conclusive on all issues of fact in cases of this kind,
this court has no right or inclination to interfere.   To do so
would be a palpable violation of law.

If, during the progress of a trial, the court improperly
receives or excludes testimony, or otherwise commits error,
except in passing upon questions of fact in its final determi-
nation, and such erroneous ruling or other error is preserved
in the record, and the Appellate Court fails to correct it, it
may be done in this court.   So, in a case like this, if coun-
sel is in doubt as to whether the court's views of the law as
applicable to the case before it are correct, he may, under an
express provision of the statute, prepare and submit to the
court written propositions of law as he understands to be
applicable to the case, to be held or refused by the court as
the court may think proper, and in this manner preserve for
review any erroneous view of the law applicable to the case
which the court may entertain.   Nothing of this kind has
been done in this case.   It is true a number of objections
were made by appellant to the admission of various portions

of the testimony, but these objections all appear to be of a general character, and can only be regarded as going to the competency or relevancy of the testimony. In the light of the pleadings, and the evidence admitted on behalf of the plaintiff, we are unable to say that any material error was committed by the circuit court in receiving testimony on behalf of the defendants.

The argument of counsel on both sides seems to be directed almost exclusively to the question whether the facts appearing in evidence are legally sufficient to warrant a recovery. Both the lower courts have decided this question in the negative, and as we have already seen, the decision of the Appellate Court must be accepted as final and conclusive on that question.

*Judgment affirmed.*