The Chicago, Danville and Vincennes Railroad Company *et al.*

*v.*

The Town of St. Anne *et al.*

*Filed at Ottawa November 10, 1881.*

1.   Remedy—*to compel the issue of corporate bonds.*   A court of chancery has no jurisdiction to entertain a bill to compel the corporate authorities of a town to issue and deliver its bonds in pursuance of a vote to aid in the construction of a railroad.   The proper remedy is by *mandamus.*   Such court has not the power to compel the performance of contracts for the payment of money, or to give notes or bonds.

2.   Creditor's bill.   A bill can not be maintained as a creditor's bill when not framed as such, nor when no judgment has been obtained and execution returned *nulla bona.*

3.   Municipal bonds—*of rights in respect thereto.*   Under an authority to a town to vote a donation in aid of a railroad company, and to levy and collect taxes to pay the same, or to vote such aid and to borrow money to pay the same, and to issue interest-bearing bonds to pay such loans, the company can not be compelled to take bonds of the town in payment, nor can it compel the town authorities to issue bonds to it.   The company, in such case, has only a claim for money, and has no right to say how the money shall be raised.

Writ of Error to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Kankakee county; the Hon. Nathaniel J. Pillsbury, Judge, presiding.

Mr. Robert Doyle, for the plaintiffs in error:

A court of equity will compel the delivery of municipal bonds voted by a town, to an equitable assignee.   *Thomas* v. *Morgan County et al.* 59 Ill. 488; *Morgan County* v. *Thomas et al.* 76 id. 141; *Morris et al.* v. *Cheney,* 51 id. 451.

The bonds or debt of the town to the railroad company is a trust fund, to be held for the payment of the company's debts, or if assigned by the company in payment of a debt, then for the payment of such assignee.   *James* v. *Woodruff,*

2 Paige, 541; S. C. 2 Denio, 574; *Morgan County* v. *Thomas et al.* 76 Ill. 148; Angell & Ames on Corp. sec. 779 a.

If a trust is created for the benefit of a party who is to be the ultimate receiver of the money or other thing, he may sustain a suit in equity to have the money or other thing directly paid or delivered to him, for in such case he is entitled to dispose of it as the absolute owner.    Story's Eq. Jur. sec. 1250.    See, also, as to the question of jurisdiction, *Riddle* v. *Mandeville*, 5 Cranch, 329; *Townsend* v. *Carpenter*, 11 Ohio, 21; *Taylor* v. *Reese*, 44 Miss. 89.

Mr. H. Loring, Mr. T. P. Bonfield, and Mr. C. R. Starr, for the defendants in error:

The vote of the town, even if sufficiently formal, did not, of itself, create an indebtedness.    The vote was simply authority for the town authorities to give aid to the railroad company,— authority to create an indebtedness.    We think all the cases in reference to railroad aid bonds will be found to sustain that view of the voting.    Such is the view of the court in *Aspinwall et al.* v. *Board of Comrs. of the County of Davis*, 22 How. 364, *Board of Comrs. of Town of Concord* v. *Portsmouth Savings Bank*, 2 Otto, 626.

The bill shows an indebtedness from the town to the railroad company was not created by bonds.    It avers bonds were written out but never delivered.    Delivery was as essential as signing.

To show that a court has no jurisdiction to compel the town authorities to issue and deliver bonds on the ground of their equitable assignment, counsel cited Story's Eq. Jur. 1057 a; *Chicago and Northwestern Ry. Co.* v. *Nichols et al.* 57 Ill. 465.

Mr. Justice Walker delivered the opinion of the Court:

Plaintiffs in error filed a bill to compel defendant in error the town of St. Anne, to issue its bonds to it for $30,000,

claimed to have been voted to aid the company to construct its road. The charter of the company authorized the electors of the town to vote a donation to the company to aid in the construction of its road, and to levy and collect taxes to pay the same. By an amendment of the charter of the company the town was authorized to vote such aid, and to borrow money to pay the same, and to issue interest-bearing bonds for the payment of such loans. A citizen of the town filed a bill to enjoin it from issuing the bonds, and pending the suit the town filled up bonds for the amount, and they were signed by the proper authorities, and placed in the hands of the circuit clerk, to hold until that suit should be terminated. The town afterwards destroyed these bonds, and refused to issue other bonds and deliver them to the company.

It appears that J. E. Young & Co. had, under a contract with the railroad company, constructed 110 miles of the road, and that the company is largely indebted to them, and that it is insolvent. It further appears, that by the contract the railroad company assigned and transferred to them all of the local aid and subscriptions along the line of the road which had at the time been, or should afterwards be, made to the company. This donation was voted some four months after the contract was executed. It does not appear that complainants were parties to or knew of the arrangement by which the bonds were filled up, signed, and delivered to the clerk, to hold until the suit for an injunction should be terminated. Young & Co. claim, that by virtue of the contract with the railroad company, they, as assignees, are entitled to have bonds for that amount issued by the town and delivered to them, and hence have brought this bill to compel their issue.

Has chancery jurisdiction to compel the town to issue and deliver such bonds? If it has, under what head does it fall? Not under the power to compel a specific performance of contracts, as such a bill does not lie to compel the performance

of contracts for the payment of money, or to enforce agreements to give notes or bonds, as in such cases there is an adequate remedy at law. Nor has that court jurisdiction to compel parties to perform acts of this nature. If there be exceptions, they are rare, and relate to contracts or acts of a different character from this.

If complainants are entitled to have these bonds issued, it must be by *mandamus*, and equity can not afford relief by that writ. Nor can the suit be maintained as a creditor's bill. It is not framed as such, nor has a judgment been recovered, and an execution returned no property found, to entitle complainants to maintain the bill under the statute, even if that would entitle them to relief, but it is in effect to procure a writ of *mandamus*. Such a decree would be novel, and, it is believed, unheard of, in practice. To maintain it would be to abolish all distinction between proceedings in chancery and those for relief by *mandamus*. So long as distinctions between forms of action and proceedings in our courts exist, they must be observed.

But, aside from all this, the provisions of the charter authorize the donation in money, and not in bonds. But it is provided that when so authorized by vote, the town authorities may borrow money to pay the donation, and issue bonds of the town for its payment. It is purely a matter of discretion, to be exercised by the town authorities, whether they will raise the amount by taxation, or borrow it and issue bonds of the town. The railroad company only has a claim for money, and has no right to say whether it shall be raised in the one or the other mode. If the law has been in all things complied with in voting the donation, the town is liable for the payment in money of the sum voted, and no reason is perceived why the amount could not be recovered by an action at law. If the bonds were issued, the railroad company could not be compelled to receive them instead of money, nor can it compel the town to issue its bonds.

We have examined the authorities to which reference has been made, but fail to see that they are applicable to the facts of this case. Nor do we find in this record any error, and the decree of the Appellate Court is therefore affirmed.

*Decree affirmed.*