## The City of East St. Louis

### v.

### Elizabeth H. Underwood, Ex'x.

*Filed at Mt. Vernon January 31, 1883.*

1. Judgment—*in mandamus—whether authorized under the prayer.* Where the prayer in a petition for a *mandamus* is, in the alternative, that the defendant, a city, cause a levy of a tax to be made for the payment of a judgment against it, if the money on hand shall be insufficient to discharge the same, a judgment will be authorized directing payment out of a levy made after suit brought, and before the hearing, to the extent authorized by the charter, treating the due proportion of the amount levied as levied for the benefit of creditors of the city, to be so applied when the levy shall be collected.

2. Practice—*when objection should be made in the court below.* An objection that a judgment awarding a peremptory writ of *mandamus* is variant from the prayer of the petition, should be first urged in the trial court, so that it may be obviated by amendment of the petition.

3. Municipal Indebtedness—*of the levy of taxes—rights of creditors.* Where a city is, by its charter, limited to the levy of one per cent of taxes for all purposes whatever, and the charter provides that three-tenths of that per cent shall be for the payment of its bonded indebtedness, and the city does levy a one per cent tax, the court, on the application of a creditor having recovered judgment on bonds of the city, will compel the city authorities to apply three-tenths of such taxes to the payment of such judgment, if that much is necessary. In such case the creditors are entitled to have this levy annually made, so long as necessary, to discharge their debts, and the city can not lawfully devote more than seven-tenths of that levy for any fiscal year to current expenses.

4. Merger *of debt in a judgment—effect on original character of the debt.* Where a city charter requires a certain per cent of taxes levied and collected to be devoted to the payment of its bonds and coupons as a class of indebtedness, the recovery of a judgment against the city on such bonds will not merge the indebtedness in the judgment, so that it will lose its proper classification. The origin of the debt will fix its classification, which will remain, however numerous the mutations the form of the debt may undergo.

Appeal from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

This was a proceeding by *mandamus*, in the circuit court of St. Clair county, to enforce payment of a judgment recovered by the appellee, as executrix of William H. Underwood, upon bonds and coupons of the city of East St. Louis.

It was alleged in the petition, that at the time the demand was made, and at the time the suit was commenced, there was sufficient money in the treasury of the city collected for the specific purpose of paying interest on its bonds, and to create a sinking fund to pay the principal when due, under section 22, article 7, of the charter of the city. (Priv. Laws, 1869, vol. 1, p. 904.) The suit was commenced on November 29, 1879, but was not heard until December 18, 1880. The prayer of the petition was, that a peremptory writ of *mandamus* be awarded against the city, commanding it, by its city council, to forthwith pay and cause to be paid, out of the funds on hand when the suit was brought, the judgment, interest and costs, and to levy and cause to be levied, and collected, in case there was any deficiency in said funds to pay said judgment, the tax required to be levied by section 22, article 7, of the charter, sufficient to pay such judgment in full.

It was also set up in the petition, that the city council had made no levy for the purpose of paying its bonds, and interest thereon, for the fiscal year commencing March 15, 1879. The court found that no such levy was made for the year 1879–80, and that a few days before the hearing the city levied one per cent tax for the year 1880–81, the extent of its power to levy taxes, and appropriated the whole to its ordinary expenses. Upon this the court ordered that three-tenths of this levy, as collected, should be applied to the payment of plaintiff's judgment.

Messrs. G. & G. A. Koerner, for the appellant:

The judgment in this case can not be sustained upon any legal principles. The answer shows the extent of the power of taxation and resources of the city, and that for the years

in controversy, after all its revenues were collected, there would not be sufficient money in the treasury to meet the necessary current expenses of the city. There was no controversy as to what the tax levy of 1880 was, and for what it was required, and there could be none, because the issues were made up before such levy was made. Yet the court finds, on a question not before it, that such levy amounted to $26,977.71.

After it was admitted that the tax levy of the year previous was not sufficient to allow any of it to be diverted from the necessary current expenses of the city, three-tenths of the entire revenue of this year is, by the judgment, to be appropriated to the payment of this one creditor. This seems absurd, particularly in connection with the finding that there is no money in the treasury to pay the judgment. This entire finding on matters not presented by the issue is entirely irrelevant. It is not indicated by the judgment which fund is to be drawn upon, and as they are all about exhausted, it would be impossible to appropriate from them sufficient to pay this judgment.

Mr. R. A. HALBERT, for the appellee:

The power of the city council to levy taxes generally, is found in Private Laws of 1869, vol. 1, art. 3, sec. 1, p. 887, and the duty to levy a specific tax to pay its bonded indebtedness, in same volume, art. 7, sec. 22, p. 904.

It was the duty of the city to exercise the power, under section 22, for the payment of the judgment. (High on Ex. Rem. sec. 393.) The city has no power to appropriate the whole of the one per cent while this judgment remains unpaid, but only seven mills thereof. (*Weber* v. *Traubel*, 95 Ill. 431.) Nor could the city, after suit commenced, defeat appellee's remedy by any shift or device, such as paying out the money, or levying unlawfully the specific tax for a different purpose. High on Ex. Rem. sec. 15.

As the city had wrongfully appropriated after demand, and commencement of the suit, the money already collected, to pay its bonds, and interest, an order to pay the judgment instantly would have been proper; yet the order to pay that part of the levy just made, when collected, which the city intended illegally to appropriate to other purposes, was proper, and to this no objection was made. As to the power of the court to make such an order, see *People ex rel.* v. *Cairo,* 50 Ill. 168.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal from the judgment of the Appellate Court for the Fourth District, affirming a judgment of the circuit court of St. Clair county, whereby a peremptory *mandamus* was awarded in favor of appellee, and against appellant, for the payment of a certain judgment.

No objection was taken or exception saved to any ruling of the circuit court, and the judgment of the Appellate Court is conclusive as to all questions of controverted fact. There can, therefore, only remain to be inquired into, the question whether, under any evidence that would have been admissible under the pleadings, the judgment can be sustained. *Bridge Co.* v. *Comrs. of Highways,* 101 Ill. 518; *Fitch* v. *Johnson,* 104 id. 112; *Edgerton* v. *Weaver, ante,* p. 43.

The objection that there is a variance between the prayer of the petition and the judgment, is untenable. The alternative prayer is, that a levy be made, etc., if the money on hand shall be insufficient, etc. A subsequent levy, equal in amount to the limitation in the city charter of one per centum, being made, it is clearly within the spirit of the alternative prayer to treat, as the judgment does, three-tenths of that amount as levied for the benefit of the class to which the debt of the relatrix belonged, and direct the payment of her judgment out of the sum thus levied, when it shall be collected. Besides, in our opinion, an objection of this character should

have been urged first in the circuit court, where, under our statute, it would have been admissible to have allowed an amendment of the petition, so as to have made it conform to the judgment. This could have worked no surprise and produced no injury, for the objection, at most, is purely technical, and does not go the merits of the controversy.

We held in *Weber* v. *Traubel et al.* 95 Ill. 427, that appellant, under the first section of article 3 of its charter, was limited, in levying taxes for all city purposes, to one per centum per annum upon the assessed value of the property within the city, and that the three mills to be levied and collected for the payment of the indebtedness, as provided by section 22 of article 7 of its charter, is included in that limitation; and so it must follow, where there is a levy of one per centum, and there is also indebtedness of the class contemplated in section 22, article 7, it is strictly in conformity with these sections to direct that three-tenths of that amount be devoted to that indebtedness, if so much shall be required. The creditors are lawfully entitled to have this levy annually made, and so long as it shall be necessary to make it, there is no authority to devote more than seven-tenths of the levy of one per centum for any fiscal year to current expenses. Such expenses must be kept within that amount, or the creditors thereby made be compelled to take their chances of being paid in the future.

An objection was urged that the indebtedness of the relatrix was merged in her judgment, and that, although the original indebtedness is of the description to be provided for by section 22, *supra*, being merged in the judgment, it stands now just as any other indebtedness. This is untenable. While it is true that the debt, technically, is merged in the judgment, this does not affect its classification,—and it is that to which section 22 has reference. The origin of the debt fixes its classification, and this, most obviously, remains the same, however numerous the mutations the form of the

debt may undergo. ·As held in *People ex rel.* v. *Clark County,* 50 Ill. 213, before the relatrix could have a *mandamus* to compel the payment of her indebtedness, it was essential that she should obtain a judgment upon it at law. It would be as iniquitous as absurd, that she should be compelled to lose all security and all remedy for the collection of her debt in consequence of attempting to enforce its collection in the only mode provided by law.

The finding of facts by the circuit court, although, in our opinion, perfectly consistent with the judgment rendered, not being required by law, presents no question demanding our consideration. Nor is it necessary to discuss any defence specially set up in the answer, since no question of law was raised thereupon in the circuit court, and where the answer contradicts the allegations of the petition we are to assume the evidence sustains the latter.

No error has been pointed out, and we have been unable to discover any, requiring a reversal of the judgment below. It is, therefore, affirmed.

*Judgment affirmed.*