## H. C. KLINESMITH

### v.

## CARTER H. HARRISON, ETC., ET AL.

CHANCERY—REMEDY AT LAW.—A bill in equity to restrain the mayor and public officers of Chicago from attempting to enforce against complainant certain ordinances of the city prohibiting him from carrying on the business of auctioneer without a license, complainant having applied for a license and been refused. *Held*, that as nothing is alleged in the bill which may not be fully and adequately compensated by damages recoverable in suits at law against the alleged wrong-doers, the bill is without equity.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed March 31, 1886.

The bill in this case alleges that, for many years past, H. C. Klinesmith, the complainant, has been carrying on the business of an auctioneer in the city of Chicago, and that he is in every respect a fit and proper person to conduct said business; that said city heretofore passed an ordinance in relation to licensing and taxing auctioneers, as follows:

Sec. 931. "Any person may become an auctioneer and be licensed to sell real and personal property at auction at a place

to be named in said license, upon paying to the city collector the sum of $300 and executing a bond to the city with two sureties, to be approved by the mayor, in the penal sum of $1,000, conditioned for the due observance of the ordinances of the city council.

Sec. 932. "Every person who may wish to obtain a license as above mentioned, shall apply in writing for the same to the mayor, setting forth therein his proposed place of business, and the names of his sureties, and in no case shall such license be transferable or the place of business changed, without consent in writing of the mayor."

That the complainant knows of no other ordinance of said city in relation to licensing auctioneers now in force; that on or about the 15th day of April, 1885, a large number of persons, residents of said city, made application to said mayor for licenses to become auctioneers, to whom such licenses were granted; that on or about that day the complainant wished to obtain a license as auctioneer, and thereupon applied in writing for the same to said mayor, setting forth therein his proposed place of business and the names of his sureties, and also executed a bond to the city in the penal sum of $1,000, with two good and sufficient sureties, conditioned as required by the ordinance, and tendered to the city collector the sum of $300 as the license fee required by the ordinance; that said mayor received said application, but has not approved said bond or granted said license, but has failed and refused and still refuses so to do; that the city collector has refused to take or receive said sum of $300 tendered to him by the complainant, and still refuses to receive the same; that in making and presenting to the mayor his application for a license and tendering to him said bond, and in tendering to the city collector said sum of $300, the complainant had in all things complied with the ordinances and regulations of the city governing the licensing of auctioneers, and that having done all that was necessary and proper in the premises, he is now entitled to have said license as auctioneer issued to him; that the mayor and city collector have given no reason and have no reason for their action in the premises, but that their

Klinesmith v. Harrison.

action is capricious and arbitrary, the complainant being the only person whose application for a license has been refused by them; that the complainant has instituted proceedings by mandamus in the Circuit Court of Cook county to compel said mayor to issue him said license, but that by reason of the crowded state of the docket of said court, said cause can not be reached for several months; that having complied with the laws of said city in all respects, and being entitled to a license as aforesaid, he is entitled by law to conduct his business without a license until said question is determined and the authorities of the city compelled to do him justice and issue him a license.

The bill further alleges that, notwithstanding the complainant's right to conduct his business as aforesaid, the city authorities have heretofore, in violation of law, arrested the complainant several times, and are now threatening to arrest him and prevent him from prosecuting his business by closing his store and other means, and that recently certain police officers have visited his store under directions of the mayor and chief of police of the city, and informed him that if he did not stop his business they would arrest him, whereby the complainant has been compelled to discontinue his business as auctioneer ; that said officers are acting maliciously and without any just cause ; that one Shea, the chief of the detective force of the city, has declared that he would crush the complainant out and compel him to cease doing business and leave the city, and that he would see to it that the complainant should not get a license as auctioneer ; that the granting of licenses to auctioneers is left by the mayor and other city officers to the recommendation of said Shea.

It is further alleged that if the complainant is compelled to cease doing business now, his said business will be ruined and he will be injured irreparably, and beyond adequate remedy at law ; that his customers will leave him ; that he has been in business thirteen years, and has the sum of $15,000 invested in goods and fixtures which will be a total loss to him if he is not allowed to sell the same at public auction.

The bill prays for an injunction restraining the mayor, the

superintendent of the police, the chief of the detectives and the other officers of the city, from interfering with the complainant in any manner, by arresting or threatening to arrest him or his employes, or from any manner interfering with him as aforesaid in conducting his said business as auctioneer, until the further order of the court.

The defendants appeared and demurred to the bill for want of equity, which demurrer was sustained and the bill dismissed at the complainant's costs ; from which decree the complainant has appealed to this court.

Mr. GRAHAM H. HARRIS and Mr. W. S. JOHNSON, for appellant.

Mr. F. S. WINSTON, for appellees.

BAILEY, P. J. The object of the present bill, if we are to judge from the propositions discussed by counsel in their arguments, is to restrain the mayor and police officers of the city of Chicago from attempting to enforce against the complainant certain ordinances of the city prohibiting him from carrying on the business of an auctioneer without a license. The provisions of the ordinance prescribing the mode in which a license must be applied for, and the conditions upon which it will be granted, are set out in the bill, and it is alleged that the complainant has made his application in strict compliance with the requirements of the ordinance and has performed all the conditions therein prescribed, and has thereby become entitled as of right to a license, but that the city officers to whom the matter of issuing the license has been committed by the ordinance, have wrongfully and unjustly refused to issue it. It is then alleged that the city authorities have already arrested the complainant several times, and are threatening to arrest him and prevent him from prosecuting his business by closing up his store, and are threatening to crush the complainant out and compel him to cease doing business and leave the city, such acts on the part of the city authorities being malicious and without just cause.

Klinesmith v. Harrison. ·

Whether a court of equity should interfere to enjoin the enforcement of a penal ordinance or not, it is very clear that the present bill is not so framed as to present that question for our decision. The ordinance, the enforcement of which is the subject-matter of complaint, is not set out, nor is its existence alleged. There is no averment of any ordinance prohibiting the carrying on of the business of an auctioneer without a license, or imposing any penalty for so doing. Nor is there any averment that any prosecution against the complainant for the breach of any ordinance has been instituted or threatened, or that any of the acts on the part of the police officers of the city alleged in the bill were committed under guise of an attempt to enforce a municipal ordinance. Nothing is shown from which it can be seen that the mayor and police officers are vested with any claim or color of legal authority to arrest the complainant or to interfere with him in the least in the prosecution of his business, whether he has a license or not. So far as appears, all the acts complained of and now sought to be restrained, are mere tortious and unlawful acts, and have not even the color of a lawful exercise of the police power.

For grievances of this character the remedy at law seems to be clear, adequate and complete. Nothing is alleged, so far as we can see, which may not be fully and adequately compensated by damages recoverable in suits at law against the wrong-doers. Even if the wrongs complained of should result in the destruction of the complainant's business and the loss of his stock in trade, we see no reason why he may not be fully compensated by damages to be estimated by a jury; and if such wrongs are malicious and committed under circumstances of aggravation, he may be entitled to recover damages even beyond mere compensation as a punishment to the wrong-doers. It should be noticed that the bill contains no allegation that any of the parties charged are insolvent and not able to respond to him in any amount of damages which he may be able to recover at law, nor do the facts alleged raise a reasonable probability that he will be driven to a multiplicity of suits to obtain adequate redress.

But while the bill fails to show the existence of any munici-

pal ordinance justifying his arrest or the interference with his business as charged, it also fails to show that there is no such ordinance, and we can not say that it may not be within the legal competence of the city, under the power given it by statute to tax, license and regulate auctioneers, to pass ordinances under which the complainant might be arrested and prosecuted, even though it be conceded that he is entitled to a license as alleged in the bill. It was for him to show affirmatively that there was no valid ordinance justifying his arrest and prosecution in the manner complained of. In the absence of such showing we are justified in construing his pleading most strongly against him, to assume the existence of such ordinance.

The bill, in any view we are able to take of it, is clearly insufficient, and it follows that the demurrer was properly sustained.

The decree will be affirmed.

Decree affirmed.