## COQUARD v. INDIAN GRAVE DRAINAGE DIST. et al.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1895.)

### No. 225.

EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.

Complainant, the holder of a judgment against a drainage district of Illinois, recovered upon its bonds and coupons, brought suit against the district and the commissioners and treasurer thereof, alleging that the commissioners had collected assessments, and failed to apply them on complainant's judgment; that they had received in payment of assessments coupons cut from bonds held by parties who had consented to a compromise agreement, and bought below par; and that the commissioners were chargeable with considerable sums collected,—this allegation being based on the theory that coupons received for taxes were to be treated as cash. The bill prayed that the commissioners be held personally responsible for taxes discharged under their direction, and enjoined from receiving anything but money for taxes. *Held*, that the bill should be dismissed, since, if there was any personal liability of the commissioners, there was an adequate remedy at law, and that, for the failure to collect the taxes in money, the remedy was mandamus.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

This was a suit by Louis A. Coquard against the Indian Grave drainage district, F. H. Wissman, L. H. A. Nickerson, James N. Sprigg, and Emeline P. Thompson, administratrix of Joseph Thompson, deceased, for an injunction and accounting. The circuit court dismissed the bill. Complainant appeals. Affirmed.

H. E. Mills, Lee W. Grant, P. R. Flitcraft, and Thomas M. Hoyne, for appellant.

James N. Sprigg, Geo. A. Anderson, and Wm. L. Vandeventer, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The amended bill, after alleging the names and citizenship of the parties, the organization, under the law of May 29, 1879 (Starr & C. Ann. St. p. 919 et seq.), and amendatory acts, of the Indian Grave drainage district, as a municipal corporation, the issue by that body of two series of bonds, and the recovery by the complainant, May 24, 1892, of judgment against the district upon bonds and coupons of the second series for $10,709.73, to be discharged out of the proceeds of assessments already levied, or thereafter to be levied, on the assessable property within the district, in con-

formity to the statute, and that the judgment remains unappealed from and unsatisfied, charges that all coupons upon the bonds from July 1, 1886, to the bringing of the bill, have remained unpaid; that since that date "the district and the commissioners and treasurer, defendants herein," continually, from year to year, collected a large proportion of the assessments which were made upon the lands in the district, to an amount to the complainant unknown, and that the commissioners and treasurer, disregarding their duty, have applied the assessments to other purposes than the payment of the principal and interest on said bonds; that they have collected sufficient sums to have paid the coupons and bonds upon which complainant obtained judgment, but that, contriving to hinder, delay, and defraud the plaintiff, and for the avowed purpose of compelling him to receive less than the sum due, they have refused to pay his judgment, or any part thereof, and have conceived the purpose of ignoring and repudiating his right or claim to participate in the proceeds of assessments; that there is now in possession of the commissioners and treasurer a large sum of money, the proceeds of collections made by the defendants upon lands within the district; that they are proceeding to collect other sums for the purpose of paying themselves and other creditors of the district to whom they desire to extend favors, to the exclusion of the complainant; that, as the complainant is informed and believes, a large sum has been collected by defendants, as such commissioners, and has been paid out to other coupon holders, complainant being denied any share in the same; "and that the coupons of other coupon holders [have been received] in payment of the assessments and levies due on said lands within said district, for the purpose of evading payment to the complainant, and in denial of his rights," "contrary to equity and good conscience." After propounding a series of interrogatories, the bill further charges that the defendants Nickerson and Thompson and the drainage district, instead of collecting the taxes in cash, directed and encouraged the land holders to present, and did themselves, as to their own lands within the district, present to the treasurer, in payment of their taxes due on the second assessment, coupons detached from certain bonds owned by parties who had consented to a compromise, which coupons the land holders and Thompson and Nickerson obtained for 65 cents on the dollar, and turned into the treasury at par, whereby the lien of the complainant on the second assessment became, to that extent, impaired and destroyed; that complainant is owner of 41 out of 200 bonds secured by the second assessment, and entitled to that proportion of the amount collected for interest thereon; that defendants Nickerson and Thompson are chargeable with the following amounts collected by them and their treasurer, to wit, $7,821.95, $7,654.63, and $7,696.50, as appears by their treasurer's report; that the defendant commissioners received into their possession and canceled coupons from second assessment bonds other than those held by complainant, to the amounts last specified, the same representing the aggregate amount of interest tax on the second assessment, for which receipts were given to land holders within said district. The prayer of the bill is that defendants be decreed to account for and pay over

to complainant all sums which they have collected from assessments on lands within the district, and which they are withholding in violation of his rights; that they be restrained from any further violation; that they be held personally responsible to complainant for all interest tax on the second assessment discharged and receipted for under their direction; and that they pay on his coupons and bonds secured by the second assessment his due proportion, as if the amount received on that assessment in coupons had all been paid in cash. An injunction is also asked, restraining the defendants from further distribution or payment of any funds coming into their hands, the proceeds of the second assessment, and from receiving aught except money from the land holders in said district in payment of that assessment. The answers of the defendants are long, but, in substance, they deny that anything had been done with intent to delay or to thwart payment of the complainant's judgment or bonds and coupons, and set out in full the compromise agreement and order of the county court under which it is alleged that the land holders of parts of the lands in the drainage district obtained and used coupons for the payment of interest taxes for the years 1889, 1890, and 1891, and that, excepting the payments so made, no money had been collected or received of which the complainant had not received his proportion, except the sums of $168, $2.32, and $227.27,—the latter sum being derived, as the proof shows, from the sale of lands for taxes,—but that for his share in each or all these funds the complainant had made no demand.

There is in the evidence no essential discrepancy or conflict, and it is plain that no error was committed against the appellant. He was not entitled to recover in this action a personal judgment against the defendants Thompson and Nickerson because they had used coupons in the payment of the taxes levied upon their own lands. If on that account they became personally liable to him at all, the remedy should be sought in a personal action at law, and not by a bill in equity against the drainage district and its officers in their official character. Indeed, the record shows that, before the filing of the amended bill, Thompson had died, and a writ of scire facias had issued, requiring his widow and administratrix to show cause why she should not appear to and answer the bill; that she demurred to the writ on the ground that the action was not one which survived against her, as administratrix; and that, without any ruling upon the demurrer, the cause was submitted and heard May 8, 1894, and, the argument having been postponed to the 12th, the amended bill was filed on that day,—the name of Thompson, as one of the commissioners, being repeated in the title and body of the bill, without mention of his death. It may be that the appellant is entitled to the whole or a proportionate share of the several sums of cash collected and yet in the treasury; but even if a resort to equity for relief in respect to those items were otherwise necessary or permissible, there is here no right to sue for them, because he made no demand therefor before bringing the suit, and his right thereto does not seem to have been denied. The bill proceeds mainly upon the theory that the coupons received in payment of tax levies should, for the purposes of the suit,

be regarded and be accounted for as cash. If so, it must be on the ground that the acceptance of coupons in lieu of money was illegal and wrongful, and that by reason of their participation in the wrong the defendants became personally responsible to the complainant. But again it is clear, if the proposition were conceded to be tenable, that an adequate remedy could be had at law, as for money had and received, and that for that reason there is no justification for a suit in equity.

Was the appellant entitled to the injunction which he asked against the further acceptance of coupons in discharge of taxes levied for the payment of interest on the second assessment? On behalf of the appellees it is contended that the proper remedy, if the appellant is entitled to relief, is by mandamus to compel the collection under the law, and payment of the amount due him, as if the compromise agreement had not been made. We concur in that view. It is not necessary to decide, but we assume it to be true, that assessments and taxes levied for the payment of assessments and interest thereon, under the drainage act, are payable only in money, and that the compromise in question, though sanctioned by the county court, in so far, at least, as it provided for the acceptance of coupons in discharge of taxes, made as it was without the appellant's consent, was not binding upon him. He is entitled to share pro rata with other holders of bonds and coupons in the proceeds of the assessment in which he is interested, and it follows that collections should be made in such way as to effect that result. His bonds and coupons constitute a certain percentage of the entire amount of bonds and coupons secured upon the second assessment, and that percentage, at least, of the collections made upon that assessment, it seems clear, should be in cash for his use. It is no answer to say that there are unpaid assessments in excess of the amount due him. The proof shows that some of the lands are probably worth less than the levies made or to be made upon them; and the consequences of delay in collecting, and the risk of final failure to collect the entire amount due from delinquents, should fall upon all alike, and not upon the appellant alone. It is only in this way, and to this extent, that the compromise agreement can be upheld and enforced. In so far as it interferes with the appellant's right to have levies made and enforced in the manner provided by law, it is, as we assume, illegal. But it does not follow that an injunction is necessary. Mandamus, it is conceded, is the proper remedy to enforce the collection of taxes; and, if proper levies of taxes are not made, mandamus, it is well settled, is the means of relief. Walkley v. Muscatine, 6 Wall. 481; Heine v. Board, 19 Wall. 655; Barkley v. Commissioners, 93 U. S. 258; Chicago, D. & V. R. Co. v. Town of St. Anne, 101 Ill. 151; East St. Louis v. Underwood, 105 Ill. 308; 2 Dill. Mun. Corp. § 855. There is here no charge, certainly no proof, that taxes have been collected and misappropriated, and there is no ground for apprehending that collections hereafter made, whether made by command of the court or otherwise, will not be properly applied. If there were, an injunction would doubtless be proper. Lawrence v. Traner, 136 Ill. 483, 27 N. E. 197. The decree below is affirmed.