## Vitagraph Company of America, Appellee, v. City of Chicago and Herman F. Schuettler, Appellants.

### Gen. No. 23,972.

1. THEATERS AND SHOWS, § 4*—*what damages not recoverable for interference with exhibition of moving picture film.* As no bond can be required of a city or its officers on an appeal from a judgment granting a writ of mandamus to compel the issuance of a permit to exhibit a moving picture film, the damages resulting from interference with the exhibition until the ·final adjudication of the appeal are irrecoverable.

2. APPEAL AND ERROR, § 707*—*when appeal operates as supersedeas.* An appeal by a city from a judgment granting a writ of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

mandamus to compel the issue of a permit to exhibit a moving picture film operates as a *supersedeas*.

3. THEATERS AND SHOWS, § 3*—*when refusal of permit not denial of property right*. The refusal of a city to issue a permit to exhibit a moving picture film does not constitute a deprival of a personal or property right, as the business is one subject to police regulation.

4. THEATERS AND SHOWS, § 4*—*when interference with exhibition of moving picture film will not be enjoined*. Injunction will not be granted to restrain a city and its officers from interfering with the exhibition of a moving picture film pending the final adjudication of an appeal which has been taken by the city from a judgment granting a writ of mandamus to compel its officers to issue a permit for the exhibition, as complainant's rights may be adequately ascertained in the mandamus proceeding.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed March 12, 1918. Rehearing denied March 23, 1918.

SAMUEL A. ETTELSON, for appellants; CHESTER E. CLEVELAND and FRANK D. AYERS, of counsel.

LEWIS F. JACOBSON, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from an interlocutory order restraining the City of Chicago, Herman F. Schuettler, its General Superintendent of Police, their attorneys, agents, etc., from in any way interfering with the exhibition in said city of appellee's photoplay "Within the Law," until the final adjudication of an appeal from a judgment in a mandamus proceeding awarding the writ to compel the issuance of a permit for such exhibition.

The right to such relief is based upon the claim of irreparable injury. The substance of the claim is that unless appellee is given an immediate right to such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

exhibition following the publicity given to the spoken play and the advertising of said photoplay, the opportune time for its exhibition will pass, resulting in a loss of large anticipated profits and the benefit of expenses already incurred. From the averments of the sworn bill this may perhaps be conceded, and as no bond could be required of the city or its officers on such appeal, losses so sustained would be irrecoverable.

But as said in *Rees v. City of Watertown*, 19 Wall. (U. S.) 107, 124, discussing mandamus: "The remedy is in law and in theory adequate and perfect. The difficulty is in its execution only. The want of a remedy and the inability to obtain the fruits of a remedy are quite distinct." The remedy of mandamus was held adequate in two cases somewhat similar to this, *Klinesmith v. Harrison*, 18 Ill. App. 467, upon a bill to restrain the mayor and police officers from attempting to enforce against the complainant certain ordinances prohibiting him from carrying on the business of an auctioneer without a license, and *City of Chicago v. O'Hare*, 124 Ill. App. 290, where the lower court had restrained the city's officers from interfering with the keeping of a dramshop for which a license had been refused. The court in the latter case said, citing various authorities, that if the complainant had brought himself within the provisions of the ordinance so that the right to a license was not doubtful and appellant had still refused him a license, the remedy by mandamus was open to him.

Complainant here resorted to such remedy and obtained the writ. The city or its proper officer, exercising an unquestioned right, appealed. It is conceded such appeal operated as a *supersedeas*. Manifestly, to avoid its consequence, this proceeding was instituted for the injunctive relief given which operates to nullify the effect of the *supersedeas* and to

prevent an enforcement of the city's ordinances against appellee.

Should the city be upheld in refusing the permit the result of the injunction would be to permit an unlawful conduct of the business in the meantime.

We think the fundamental error in the theory of the bill is that the refusal of the license or permit deprived complainant of a personal or property right. The business is conceded to be one subject to police regulation. In such a case "the refusal to license deprives no man of any personal or property right, but merely deprives him of a privilege which it is within the discretion of the municipal authorities to grant or withhold." (*People v. Cregier,* 138 Ill. 401, 419.) Whether the discretion in that regard was abused was apparently the question in the mandamus proceeding. The delay incident to its final adjudication does not, however, disturb any property or personal right of appellee. The case does not come within that class referred to in appellee's brief where an injunction will issue to preserve existing conditions as to property rights theretofore asserted or enjoyed, during the pendency of litigation with respect thereto. This is not a proceeding to prevent the city or its officers from taking any affirmative or unauthorized or wrongful action to deprive appellee of a right it had previously asserted or enjoyed. On the contrary, it is one having the effect of conferring upon appellee the exercise of a privilege to which it is not entitled without an official permit. Whether the permit is wrongfully withheld is the subject of a pending proceeding at law entirely adequate to determine appellee's right thereto. We do not think the bill presents a case for equitable relief.

*Reversed.*