**Film Classics of Illinois et al., Appellees, v. William E. Dever, Mayor of City of Chicago, et al., Appellants.**

### Gen. No. 29,936.

1. EQUITY—*want of jurisdiction where remedy by mandamus available.* When the remedy of mandamus is available a court of equity has no jurisdiction, and allegations of irreparable injury and hardship do not in any wise change the rule.

2. INJUNCTION—*enforcement of motion picture censorship ordinance not enjoinable where mandamus available.* The exhibition of motion pictures being subject to police regulation, a valid ordinance requiring a permit for such exhibition cannot be nullified by chancery proceedings seeking to prevent the officers from enforcing it, mandamus being the proper remedy if the officers do not properly exercise their functions under the ordinance.

3. INJUNCTION—*when financial loss from enforcement of motion picture censorship ordinance not grounds for injunction.* That complainants have a large amount of money invested in a certain

motion picture film and will suffer severe injury if the city refuses a permit to exhibit it, furnishes no ground for the interposition of a court of equity.

Appeal by defendants from an interlocutory order of the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Reversed. Opinion filed November 24, 1924.

FRANCIS X. BUSCH, Corporation Counsel, for appellants; ALBERT H. VEEDER and JAY A. SCHILLER, Assistant Corporation Counsel, of counsel.

JACOBSON, MERRICK & LATTER, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from an interlocutory injunction restraining the mayor and chief of police of the City of Chicago from in any way or manner interfering with the exhibition and distribution of a motion picture film.

The bill of complaint alleges that the complainants are the owners of a motion picture entitled "Three Women," and that they have entered into a contract for the exhibition of the picture in certain theaters in Chicago; that by an ordinance of the City of Chicago it is provided that it should be unlawful for any person, firm, or corporation to exhibit in any public place any motion picture without first having secured a permit therefor from the superintendent of police; that the complainants have no such permit, but the bill alleges that they have complied with the terms and provisions of the ordinance and that the picture is not obscene or immoral, etc.; that the superintendent of police, through the members of the board of motion picture censors have offered to grant complainants a permit after making certain "cuts," but it is alleged that to make these cuts would greatly damage the pic-

ture; that an appeal has been made to the mayor of Chicago, who refuses to issue the permit. The bill alleges serious financial injury and irreparable damages which would accrue to complainants if the injunction be not granted. The bill prays that the mayor and chief of police of the City of Chicago be restrained from interfering with complainants exhibiting and distributing the film, negatives and prints entitled "Three Women" in the City of Chicago.

The City filed a demurrer questioning the jurisdiction of the chancery court in this proceeding; the demurrer was overruled and the interlocutory injunction prayed for was granted.

It is the established rule in this State that when the remedy of mandamus is available a court of equity has no jurisdiction and that allegations of irreparable injury and hardship do not in any wise change this rule. Among the cases holding that mandamus is the proper remedy in a case like this are *Grace Missionary Church v. City of Zion*, 300 Ill. 513; *Hamilton v. City of Chicago*, 227 Ill. App. 291; *Pittsburg, Ft. W. & C. Ry. Co. v. Chicago*, 159 Ill. 369; *Klinesmith v. Harrison*, 18 Ill. App. 467; *City of Chicago v. O'Hare*, 124 Ill. App. 290; *Chicago, D. & V. R. Co. v. St. Anne*, 101 Ill. 151; *Vitagraph Co. of America v. City of Chicago*, 209 Ill. App. 591.

It is conceded that the exhibition of motion pictures is subject to police regulation and that the ordinance requiring a permit is valid. Complainants cannot nullify the ordinance by a chancery proceeding seeking to prevent the officers from enforcing it. If the administrative officers do not properly exercise their functions under the ordinance, the remedy is by mandamus.

Complainants stress the large amount of money invested in the picture and the injury they will suffer if the City refuses a permit. A similar plea was made in *Grace Missionary Church v. City of Zion*, 300 Ill.

513, where the court specifically holds that the fact that the withholding of the permit might result in serious damages furnishes no ground for the interposition of a court of equity.

The cases cited by complainants are for the most part cases where the ordinance involved was invalid. This is quite a different situation from the refusal of an officer to act under a valid ordinance. Neither are cases in point where a permit has been issued, upon the strength of which parties have incurred considerable expense, and the permit was subsequently withdrawn.

Neither are decisions in other states in point where the code practice obtains, in which the distinction between remedies at law and in equity are not observed. In Illinois such distinctions are observed and injunction and mandamus are not correlative remedies in the sense of being applicable to the same subject matter. *Fletcher v. Tuttle,* 151 Ill. 41. In *Fox Film Corp. v. City of Chicago,* 247 Fed. 231 and 251 Fed. 883, no suggestion appears to have been made that the complainant's remedy was by mandamus.

The rule first above stated is so well established in this State as to require no further comment. Complainants should have proceeded by mandamus.

The circuit court was without jurisdiction to enter the preliminary injunction in this cause, and the order is reversed.

*Reversed.*

MATCHETT and JOHNSTON, JJ., concur.