Rockford Amusement and Refreshment Company, Appellee, v. Harry H. Baldwin, Sheriff of Winnebago County, Illinois, and County Board of Supervisors of Winnebago County, Illinois, Appellants.

Gen. No. 7,961.

Opinion filed February 21, 1929.

WILLIAM D. KNIGHT, State's Attorney and A. B. LOUISON, Assistant State's Attorney, for appellants.

FRANK E. MAYNARD, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

Rockford Amusement and Refreshment Company, a corporation, obtained a judgment awarding a writ of mandamus, directing the Board of Supervisors of Winnebago County et al., to issue a license to that company to maintain and operate a dance hall and road house. The respondents in that case perfected an appeal which is now pending in this court [251 Ill. App. 599].

After said appeal was perfected, appellee filed a bill in chancery against the sheriff and board of supervisors, for an injunction restraining them from interfering with appellee and its business of conducting a dance hall and road house at the location involved in the mandamus proceeding, until the determination of the appeal in that case. The trial court granted a temporary injunction and overruled a general demurrer to the bill. Appellants elected to stand by their demurrer and a decree was entered making the injunc-

tion permanent. This appeal is prosecuted to reverse that decree. The right to relief in this case is based upon a claim of irreparable injury resulting from a loss of anticipated income from the operation of the dance hall pending the appeal in the mandamus proceeding.

Section 1 of the act to regulate dance halls or road houses, Cahill's St. ch. 34, ¶ 195, provides: "It shall hereafter be unlawful for any person or persons to operate or maintain a public dance hall or road house for the use of the general public outside of the limits of any city, village or incorporated town without first obtaining a license therefor from the county board of the county where the public dance hall is situated, in accordance with the provisions of this Act." Since the enactment of that law, the right to engage in such business and to be protected by law in its prosecution can no longer be claimed a common-law right, but is a right which the statute prescribes. (*People v. Cregier,* 138 Ill. 401.) The mere fact that a license must be applied for and obtained under the terms of the statute, necessarily implies that no one has a right to operate or maintain a dance hall outside the corporate limits of cities and towns without a license. The statute expressly prohibits the conducting of any such business without first obtaining a license. The obtaining of such a license is a prerequisite to any right to engage in that business.

While it has been held that the statute is mandatory as to all persons and corporations who bring themselves within its provisions (*Grove v. Board of Sup'rs of Piatt Co., Ill.,* 246 Ill. App. 241) it is of no consequence in this proceeding that appellee had applied for a license and had fully complied with the statute. The remedy by mandamus was complete and adequate. Appellee would not be justified in proceeding with the operation and maintenance of the dance hall without the license which the law requires and

which the county board must grant when the law is complied with. Equity will not interfere because of the existence of a complete and adequate remedy at law. The fact that appellee may suffer losses from anticipated profits or that the refusal of a license was due to arbitrary and wrongful action of the county board will afford no ground for the interposition of a court of equity. (*Grace Missionary Church v. City of Zion,* 300 Ill. 513; *Film Classics of Illinois v. Dever,* 234 Ill. App. 614.) Injunction and mandamus are not correlative remedies in the sense of being applicable to the same subject matter. (*Film Classics of Illinois v. Dever, supra; Fletcher v. Tuttle,* 151 Ill. 41.)

Inasmuch as appellee had not obtained a license from the county board to operate and maintain a dance hall, its operation without a license would be unlawful, and the effect of an injunction would be to permit appellee to operate its dance hall in violation of the law. A court of equity has no such power. (*City of Chicago v. O'Hare,* 124 Ill. App. 290.) The provisions of the statute cannot be nullified by a chancery proceeding seeking to prevent the officers from enforcing it. If the administrative officers do not properly exercise their functions under the law, the remedy is by mandamus. (*Film Classics of Illinois v. Dever, supra.*)

A somewhat similar situation arose in *Vitagraph Co. of America v. City of Chicago,* 209 Ill. App. 591, and it was there held that a bill for injunction presented no cause for equitable relief.

For the reasons herein expressed, the decree is reversed and the cause remanded with directions to sustain the demurrer and dissolve the injunction.

*Reversed and remanded with directions.*