**Commissioners of Highways of Tonti Township, Appellants, v. Commissioners of Highways of Foster Township, Appellees.**

ROADS AND BRIDGES—*when instruction as to obligation of adjoining towns not erroneous.* An instruction as follows, is not erroneous in not specifying the exception which would arise in case a joint agreement had been made to repair or erect a bridge, for the reason that the facts in this case failed to show that there was an express contract between the commissioners of the two townships to keep the bridge in repair and also failed to show conditions from which an implied contract would arise.

"The court instructs the jury that the statute of this state does not confer authority upon the commissioners of highways of one town to compel the commissioners of an adjoining town to repair or erect a bridge upon the town line or pay one-half of the cost of such bridge, after it has been constructed or repaired."

Assumpsit. Appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court

at the October term, 1909.   Affirmed.   Opinion filed February 11, 1910.

CHARLES H. HOLT, for appellants.

EARL C. HUGGINS and NOLEMAN & SMITH, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Foster township in Marion county is located immediately north of Tonti township in the same county. About a mile from the west side of the two townships is a long established highway running from the city of Salem in a northwesterly direction to the village of Patoka, both in said county. This highway crosses the township line between the two townships above mentioned nearly at right angles. At a point some 80 feet south of the township line the highway crosses a stream known as East Fork Creek, over which a bridge has been erected for many years, the bridge and approaches thereto being wholly within Tonti township. Some two miles east of the highway above named, and nearly parallel with it, is another highway known as the Salem and Vandalia road crossing the township line. In 1895 the commissioners of the two townships decided to construct another public highway running east and west on the township line to connect the two highways above mentioned. East Fork Creek crosses the town line about one hundred yards east of the point where the line is crossed by the Salem and Patoka highway and runs in a southwesterly direction to and across the highway. Just east of the creek where it crosses the town line there is also a slough. To avoid bridging the slough and the creek on the township line, the commissioners of both towns agreed to change the direction of the road to the southwest when it reached the slough, following the course of the creek and joining the Salem and Patoka road at a point just south of the established

bridge, above referred to. On November 23, 1906, the commissioners of highways of both townships received the road, each township paying its proportionate part of the expenses connected with the establishment and opening of the same and subsequently the commissioners of the two townships divided and allotted the different portions of the road to be kept in repair by them respectively, but no arrangement was made in relation to repairing the bridge over East Fork Creek. In the spring of 1908 the bridge, which was an iron one, needed repairs and a joint meeting of the commissioners of the two townships was called for the purpose of considering the question. They agreed that the bridge needed repairing but the commissioners of Foster township would not consent to assume any portion of the expense of the repairs before they took legal advice upon the question of their liability to pay for the same. Subsequently another meeting of the commissioners of the two townships was called which was attended by the commissioners from Tonti township but at which only one commissioner from Foster township was present and he does not appear to have taken part in the proceedings. At that time, however, a contract was let for repairing the bridge. After the repairs were made, the commissioners of Tonti township met to receive the work, at which time one commissioner from Foster township was again present, but refused to take part in the business transacted. The bill for the repairs amounting to $298.50 was paid by the commissioners of Tonti township, who then brought suit to recover one half of that amount from the commissioners of Foster township. The jury in the court below found in favor of appellees, and there was a judgment against appellants for costs.

Appellants assert that the court erred in regard to the instructions and that the verdict of the jury was contrary to the law and the evidence. In regard to the latter contention the theory of appellants is that the road in question from the point where it leaves

the township line, thence down the creek to the junction with the old Salem and Patoka road and up that road over the iron bridge to the township line again, is all part of the road as laid out and constitutes a township line road. Relying upon this theory of the facts, appellants refer to the provisions of the statutes in regard to highways on town and county lines, and particularly to section 21 of chapter 121 in regard to Roads and Bridges (Hurd Rev. Stat. 1908) which provides that "Bridges over streams which divide towns or counties and bridges over streams on roads on county or town lines, shall be built and repaired at the expense of such towns or counties."

To support their position appellants also cited Town of Dayton v. Town of Rutland, 84 Ill. 279, which appears to sustain the doctrine that where a bridge over a stream dividing two towns is recognized as a public bridge by the proper officers of each town, each will be liable for one half of the expense of keeping the bridge in repair and such liability may be enforced by a suit at law.

The fault of appellants' theory is that it is not based strictly upon the facts. The description of the road in question as reported to the commissioners by the surveyor and as laid out, together with the plat of the same, as filed, and appearing in the record, show that the new road ended at the place where it intersected the Salem and Patoka highway, south of the iron bridge. The fact appears clearly to be that the portion of the old highway between its intersection with the new township line road, and the place it crosses the township line, remained as before, a part of the old Salem and Patoka highway, and as such was between those points subject to the control of the commissioners of highways of Tonti township. The question of fact was therefore rightfully decided in favor of appellees.

The first instruction given on behalf of appellees was as follows:

"The court instructs the jury that the statute of this state does not confer authority upon the commissioners of highways of one town to compel the commissioners of an adjoining town to repair or erect a bridge upon the town line or pay one half of the cost of such bridge, after it has been constructed or repaired."

Appellants complain of this instruction that it tells the jury that the commissioners of highways of one town cannot compel the commissioners of highways of another town to repair or erect a bridge on the town line or pay one half of the costs of such bridge, after it had been erected or repaired, regardless of the fact that an agreement may have been entered into to so repair, either express or implied, and of the fact that the same was dedicated to such use, and accepted by the appellees; also because the instruction tells the jury that appellants could not sue and recover of appellees for any part of the costs of repair of the bridge in question under any state of facts or circumstances. It was not necessary that the instruction should have contained the exception which would arise in case a joint agreement had been made to repair or erect a bridge, for the reason the facts in this case fail to show, there was an express contract between the commissioners of the two townships to keep the bridge in repair and also fail to show conditions from which an implied contract would arise.

Appellants' criticism of other instructions for appellees is that they required them to prove a positive, as distinguished from an implied agreement, to contribute to keep said bridge in repair and also further prove that appellees agreed to pay some certain part or portion of the repairs of said bridge. The last requirement mentioned appears to be based upon the statute above referred to and the former apparently is supported by the authorities. In Commissioners of Highways v. Commissioners of Highways, 100 Ill. 631, it is said in referring to a like provision of the statute

as that under whch this suit is brought: ''The remedy provided is conditional and can only be enforced where a contract or agreement has been made by and between the commissioners in the two towns in regard to the bridge. If no agreement has ever been made between the commissioners of the two towns in regard to errecting or repairing a bridge on a town line, no action can be maintained by the one against the other to recover for money expended on such bridge.''

The fact is that appellants cannot justly complain of any of appellees' instructions above referred to, because they do not apply to this case, where the bridge was not erected upon or part of a township road. Appellants' refused instructions applied either to the case of a bridge erected over a stream dividing towns or to a bridge erected on a town line road and were therefore properly refused.

The judgment of the court below will be affirmed.

*Affirmed.*