## The Commissioners of Highways of the Town of Dillon, Appellants, v. The Commissioners of Highways of the Town of Hopedale, Appellees.

1. ROADS AND BRIDGES, § 163*—*duty of adjoining towns to maintain bridge on boundary and to contribute to cost of new bridge.* Where highway commissioners of two adjoining towns by their joint action laid out and opened up a public highway along the town line, in consideration that the county would build a bridge across a river on the boundary line, and after the bridge was built they jointly accepted the bridge and assumed jurisdiction over it and kept it in repair, *held* that the law implies a joint duty on the towns to maintain the bridge and that in case the bridge is washed away by a flood and one of the towns refuses to aid in the construction of a new bridge, the other town may build the same and be entitled to contribution from the town refusing to aid.

2. ROADS AND BRIDGES, § 151*—*when boundary bridge between towns not abandoned for failure to build after washout.* Where two adjoining towns have laid out a highway preparatory to the construction of a bridge at the boundary line and the bridge is washed away by a flood, the bridge cannot be said to have been abandoned because of the fact that the bridge had not been rebuilt for many years, where since the destruction of the bridge the highway had been constantly used by the public to cross the stream at the ford instead of over the bridge.

3. ROADS AND BRIDGES, § 267*—*defense not available in action between towns for contribution to cost of bridge on boundary.* In an action by highway commissioners of one town to require the highway commissioners of an adjoining town to contribute to the cost of a bridge constructed on the boundary line, a defense that the contract for building the bridge was void for the reason that at the time of contracting for the bridge the plaintiff town did not have sufficient funds and that therefore the defendants cannot be compelled to contribute to a liability under a void contract, *held*,

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

not available for the reason that it is of no concern to defendants how the funds were raised, it appearing that the bridge had already been paid for.

4. APPEAL AND ERROR, § 1414*—*when finding of fact by trial court without a jury conclusive upon appellee.* A finding of fact by the trial court without a jury must be conceded by the appellee to be established by the evidence, where no cross-error is assigned with reference thereto, and he does not contend in his argument that the finding is contrary to the evidence and no question is raised as to the correctness thereof.

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1913. Reversed with judgment entered. Opinion filed December 27, 1913. *Certiorari* denied by Supreme Court (making opinion final).

BEACH & TRAPP, for appellants.

JESSE BLACK, JR., for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an action in *assumpsit* brought by the Commissioners of Highways of the Town of Dillon, appellants, against the Commissioners of Highways of the Town of Hopedale, appellees, for contribution to recover one-fourth of the cost of rebuilding a bridge across the Mackinaw River on the town line between the two townships. The cause was heard before the court, who found the issues for appellees; from the judgment on which finding appellants prosecute this appeal.

Tazewell county adopted the form of township organization in 1849. Dillon and Hopedale Townships adjoin and lie east and west of each other. The Mackinaw River flows across the north and south line which divides the townships. In 1859 it was desired by the people residing in said townships that a bridge be built over the river at the point where it crossed the town line between said towns, and the Board of Super-

visors of Tazewell county by a resolution instructed the bridge committee of said Board to contract for the building of a bridge across the river at said point, provided that the committee get a release of the right of way to and from said bridge both north and south of the river until such highway shall intersect other leading roads, and that said contract should not be let until the right of way should be obtained and a guaranty made in writing that said right of way or public road should be opened and put in repair by the time the bridge was completed. Pursuant to this resolution of the Board of Supervisors, the Highway Commissioners of the Towns of Dillon and Hopedale held a joint meeting on the 25th of August, 1859, and by proper proceedings laid out a road on the town line between said towns and divided the same for repairs and maintenance, allotting to Hopedale Township the part lying north of the river and to Dillon Township the part lying south of the river. The Board of Supervisors thereupon erected said bridge and the same was completed in September, 1860. The public road on the town line thus laid out and opened up by the joint action of the Commissioners of the two towns has been in continual use as a public highway since that time. The bridge in question was used by the people of the two townships, and by the public generally, until 1868, when it was washed away by the high water and floods in the spring of that year. The evidence shows, and the court found, on the hearing, as a proposition of fact, that said bridge was accepted, controlled, repaired and in charge of the commissioners of the said two townships, respectively, jointly and continually until the same was washed away and destroyed by the flood. There has been no cross-error assigned by appellees challenging the correctness of this finding, nor is it contended in the argument of appellees that such finding is contrary to the evidence, and no question is raised as to the correctness thereof, and, as the case was tried before the court without a jury, under these

circumstances it must be conceded that such fact is established by the evidence.

After the destruction of the bridge the public continued to use the highway by fording the river until 1909. In November of that year twenty-nine citizens of Hopedale Township and thirty-one of Dillon Township signed a joint petition addressed to the Commissioners of Highways of the two towns jointly, asking them to rebuild the bridge across said river at said point, alleging that said ford was an exceedingly dangerous one and that the bridge was a necessity to the property owners and to the traveling public. In pursuance to this petition the Commissioners of Highways of the two towns held a joint meeting at the site of said old bridge on December 3, 1909. A controversy exists as to what occurred at this meeting. The records of the Commissioners of Highways of both towns made at, or shortly after, this meeting show that the petition was read and accepted and the prayer of the petition granted; that it was estimated the probable cost of the bridge would be $8,000, and it was decided to petition the Board of Supervisors for county aid to help pay for the bridge. The Board of Supervisors subsequently passed a resolution providing for the payment by the county of one-half of the cost of the bridge. The Commissioners of Highways of the Town of Hopedale refused to take any action or have anything further to do with the construction of the bridge. The Dillon Commissioners met with the bridge committee of the county, let the contract for the building of the bridge and the approaches thereto for $8,361. Tazewell county paid one-half of this and Dillon Township the other half, and this suit is brought to recover of the Commissioners of Hopedale Township their proportion, or one-fourth of the total price. The original minutes of the Commissioners of each of the two towns of the joint meeting held December 3, 1909, while they set out that the petition to build the bridge was read

and accepted and the prayer granted, did not set out the aye and nay vote upon that proposition. After the bridge had been completed and suit brought, the clerk of the Commissioners of Highways of the Town of Hopedale amended the minutes of the Commissioners of that town so as to show that two of the Commissioners of Dillon Township voted in favor of said petition and two Commissioners of Hopedale Township voted against said petition and that the chairman, who was a Dillon Commissioner, did not vote. The record of the Dillon Commissioners shows the vote to have been four against two in favor of said proposal.

Counsel for appellees assert in their brief that there are but three questions in controversy in this case, viz.: ''(1) Have the Commissioners of Dillon Township power to compel contribution from the Commissioners of Hopedale Township for the payment of any portion of the consideration in what was a void contract on the part of the Dillon Highway Commissioners by reason of lack of funds at the time of making the contract? (2) Have the Commissioners of Dillon Township power to compel the Commissioners of Hopedale Township to aid in the building of an entirely new bridge near the site of the one washed out and abandoned by both sets of commissioners and the people of both townships on the theory of an implied contract after a lapse of more than forty years? (3) Are the Commissioners of Hopedale Township in the state of facts shown in this case entirely without discretion?'' We will discuss these propositions in the inverse order of their enumeration.

It is urgently contended by appellees that this action is an attempt to enforce contribution from them under sections 22, 23 and 24 of chapter 121, Hurd's R. S. (J. & A. ¶¶ 9649, 9650, 9651), and that the record of the Highway Commissioners of the Town of Hopedale shows that the Commissioners of that town did not agree to join in the construction of the bridge, and therefore under the authority of *Wrought Iron Bridge*

*Co. v. Highway Com'rs Towns of Utica and Deer Park,*
101 Ill. 518, and *Highway Com'rs Town of Dimmick v.
Highway Com'rs Town of Waltham,* 100 Ill. 631, there
is no liability on their part to help pay for the build-
ing of the bridge.

If the liability of appellees rested upon these prem-
ises, then their contention would be correct and the
cases cited would be applicable, but such is not the situ-
ation in this case. While it is true the county originally
built the bridge in question, yet it was only built by it
upon the consideration that the two towns should lay
out and open up a public highway leading to it from
both directions. The Commissioners of the two towns
by joint action at a joint meeting laid out and opened
up the highway along the town line, and after the
bridge was built they accepted the bridge and jointly
assumed jurisdiction over it and kept it in repair. The
law in such case implies a joint duty on the towns to
maintain the bridge. *Highway Com'rs Town of Rut-
land v. Highway Com'rs Town of Dayton,* 60 Ill. 58;
*Highway Com'rs Town of Dayton v. Highway Com'rs
Town of Rutland,* 84 Ill. 279. The distinction is clearly
pointed out in the case of *People v. Highway Com'rs
Town of Dover,* 158 Ill. 197, which was an action
brought on the relation of a property owner in one
of the towns to compel the Commissioners of High-
ways of the towns of Dover and Ohio to reconstruct
a bridge which had been washed out some ten years
before. The Court in the opinion in that case, after
holding that in the absence of an agreement between
the Commissioners of Highways of adjoining towns
in regard to the erecting and repairing of a bridge on
the town line, then the rule announced in the case of
*Highway Com'rs Town of Dimmick v. Highway Com'rs
Town of Waltham,* 100 Ill. 631, would govern and there
would be no liability on the part of the one town to the
other to contribute to the cost of building or repairing
such bridge, and after reviewing the authorities here-
tofore mentioned, says: ''The conclusion we deduce

from that which we have said is this: that the repairing of a public bridge. (when such repairs are not chargeable to designated persons, lands, tenements or bodies politic,) is, by the common law, a public charge, and whenever the public authorities to whom is committed the matter of building, repairing and maintaining public bridges, either construct a bridge upon the line of a public road *or recognize and accept for public use a bridge built there by others,* and such bridge is used by the public, then liability for the cost of keeping such bridge in repair is by law imposed upon the county, town or adjoining towns, as the case may be, whose representatives such public authorities are.''

The Commissioners of both the Towns of Dillon and Hopedale, having accepted and recognized their joint interest in this bridge under the facts as shown by the evidence in this case, are liable to keep said bridge in repair and this duty may even be enforced by a property owner of either town by the peremptory writ of mandamus.

It is further contended that the bridge not having been built for so many years that the presumption is that it was abandoned and that the construction of the new bridge would necessarily fall under the provisions of the sections of chapter 121 hereinbefore mentioned, and that the Commissioners of the Town of Hopedale not having agreed to rebuild the bridge no liability for part payment of the same can attach to them. While it is true that the powers and rights of commissioners as to the construction and maintenance of bridges are separate and distinct under the statute from their powers and rights in regard to the construction and maintenance of highways, yet nevertheless a bridge on a public highway is an integral part of the highway itself. The highway on the town line has never been abandoned, but has been in constant public use since it was laid out and opened. The only difference in its use since the bridge was destroyed being that the public have been compelled in traveling

over it to cross the river at the ford instead of over the bridge. The bridge itself was never abandoned, it was washed away by a flood. The public could not abandon that which did not exist. We conclude, therefore, that this contention of appellees cannot be upheld.

It is also urged by appellees that they cannot be compelled to contribute because the contract entered into by appellants was void for the reason that at the time of contracting for said bridge by Tazewell county and Dillon Township, said Dillon Township did not have sufficient funds in the hands of its treasurer, as required by law, available for building said bridge, nor did they provide for the same by tax levy or bond issue. Appellees filed three special pleas to the declaration setting up these facts. The trial court sustained a demurrer to each plea and appellees in this court have assigned cross-errors on the action of the trial court in sustaining the demurrers, and insist that the contract for the building of the bridge so far as Dillon township was concerned was void and that they cannot be compelled to contribute to a liability under a void contract. If the Town of Dillon had been sued on this contract by the builder of the bridge, it might possibly have pleaded these defenses, but it is of no concern to appellees how the Town of Dillon raised the money necessary to pay for its share of the bridge. The evidence shows that part of the money used by the Town of Dillon to pay for the construction of the bridge was furnished by private contributions; but whatever means the Town of Dillon used to obtain the money to pay its share of the cost of the bridge, the fact remains that the bridge is paid for and it is the duty of appellees to contribute their share towards its cost. The court did not err in sustaining the demurrer to these pleas.

The proof shows that the assessed valuation of the property in Dillon Township in the year 1909 was $479,601, and in Hopedale Township $636,268. The

statute provides that the cost of repairs between adjoining towns for bridges or roads on the town line shall be such as is just and equitable, having regard to the taxable property in each town. Under this provision the liability of the two townships in the payment of their respective shares of the cost of the bridge should be in the proportion of the Town of Dillon paying four-elevenths and the Town of Hopedale paying seven-elevenths, but appellants have waived this and only seek to recover one-half of said cost.

The judgment of the Circuit Court is reversed, and as the case was tried before the court without a jury and there is no controversy over the facts, judgment in this court will be rendered in favor of appellants against appellees for $2,332.07, the same being one-fourth of the contract price, $2,090.25, with interest from September 8, 1911, unto December 8, 1913.

*Reversed with judgment entered.*