**Belle Swick et al., Appellants, v. Harold C. Bentley, Appellee.**

**Gen. No. 9,579.**

452

Opinion filed February 7, 1941.
Rehearing denied March 17, 1941.

MILLER & THOMAS, of Rockford, for appellants; L. C. MILLER, of counsel.

KARL J. MOHR, of Rockford, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Belle Swick and seven others, are landowners on what is known as Blackhawk Island in Rock River in Winnebago county, Illinois. The Island in question, is platted into lots and blocks. Blackhawk Island is connected by a public highway and a bridge over the Rock River with Camp Grant Island. This bridge, built by private subscription by landowners on Blackhawk Island, was completed sometime in 1928. This bridge is the only means for vehicle traffic to Blackhawk Island. The bridge was in bad repair and the property owners made a demand upon Harold C. Bentley, highway commissioner in and for the town of Rockford, Winnebago county, Illinois, to repair or rebuild it, which he refused to do. This suit was started by the plaintiffs for a writ of mandamus to compel Harold C. Bentley, as highway commissioner, to repair or rebuild the bridge in question.

The petition for mandamus does not allege who built the bridge, but it does state that it has been used and accepted by the town of Rockford as a public highway and because of that acceptance, the commissioner of said town had from time to time made repairs on said bridge, and had assumed ownership of it, and by such assumption of ownership, it then became the duty of the town to rebuild or repair the bridge in question, so as to make it safe for vehicular traffic. The answer filed by the defendant denies that the bridge has been maintained by the highway commissioner of the township of Rockford, and also denies that the roads leading to said bridge had been repaired and maintained by said highway commissioner. By amendment, the wording of paragraph 3, of the amended complaint was changed, and it then alleged that the said bridge had been accepted by the said township and had been maintained and repaired by the commissioner of highways, who now wholly refuses to make repairs on the bridge. It does not appear in the abstract that there is any answer filed to this amended complaint. The case was tried upon the theory as presented in the original complaint, that because of the improvement and repairs on the bridge and the approaches made by the commissioner, that this was a legal acceptance of the bridge of the township, and the bridge became a part of the highway system of said township. The case was tried before the court without a jury. He found that there had not been an acceptance of the bridge by the township, as part of the highway system and denied and refused to issue the writ of mandamus as requested. It is from this order that the appeal is prosecuted.

There is very little dispute in regard to the facts in this case. That this Island was platted into lots and blocks, there is no question. That the bridge was erected by private individuals for the use of the people on Blackhawk Island, is undisputed, and that is the

only way that vehicles can get upon the island. It is also admitted that the commissioner of highways of the township did make minor repairs on the bridge. The question then arises, whether the acts of the commissioner, in making these repairs, were such as to take the title to the bridge from the individuals who erected it, and place it under the care and jurisdiction of the township. The briefs filed by the appellants and appellee cite numerous cases as sustaining their contentions, and it seems strange that both sides cite practically the same cases. The only case cited which had the same question involved, as this case before us, is the *Highway Com'rs of Town of Rutland v. Highway Com'rs of Town of Dayton*, 60 Ill. 58. This case was before the Supreme Court and reversed on account of faulty instructions. It was tried again and brought before the Supreme Court and reported in 84 Ill. 279, where it was again reversed and remanded because the verdict of the jury was against the manifest weight of the evidence. The appellants seriously contend, that the law as laid down in this case, is controlling in the present case. In order to understand what the court meant by the language used, the facts in the case must be taken into consideration. In *Dayton Highway Com'rs v. Rutland Highway Com'rs, supra,* the facts are, that the Town of Dayton is on one side and the Town of Rutland on the other side of the Fox River. A State road was located from Ottawa to Naperville across Fox River and through the Towns of Dayton and Rutland. In 1853, a bridge was built across the river by private subscription and the bridge was used as a part of the highway for about 4 years, when it was carried away by ice. Before the bridge was built, the travel across the river was at the ford about a quarter of a mile from where the bridge was later erected. The road leading to this ford from this highway, was fenced off by the commissioners so that the travel would have to go across the new bridge.

New roads were constructed by each of the towns to the approach of the bridge. The bridge was rebuilt in 1857 with funds by tax levied by both of the Towns of Dayton and Rutland from appropriations made by the board of supervisors, and by private subscriptions. In 1868, the bridge was out of repair, and the commissioner of highways of the Town of Rutland nailed a plank across the end of it on the Rutland side of the bridge to prevent people from traveling over it, and to avoid injury from its unsafe condition. The commissioner of highways of the Town of Dayton served a notice on the commissioner of the Town of Rutland to aid in the repair of the bridge, and unless they did so, the Town of Dayton would proceed to make the repairs, and the Town of Rutland would have to pay their share of the expense. The Town of Rutland refused to pay for their part of the repairs, so the Town of Dayton proceeded to make the repairs and sued the Town of Rutland for one half of the expense. This seemed to be the undisputed facts in the above case, and the court in that case held there was sufficient evidence to sustain the contention of the Town of Dayton, that the Town of Rutland had accepted the bridge as a part of the highway system, and found them liable for their share of expense in repairing the same.

The court in its first opinion, after quoting the facts in the case, uses this language: ''These were all acts tending to prove an acceptance of the bridge, to be considered by the jury. And it was for them to say whether they all, together, or any one or more of them, proved an acceptance of the dedication. If there was an intention on the part of the highway commissioner to accept, and that was manifested either by declarations or acts, then Rutland Township is liable to contribute to the expense of the rebuilding of this bridge.''

The facts in *Dayton Highway Com'rs v. Rutland Highway Com'rs, supra,* are certainly stronger and more convincing of an acceptance of the bridge then

in question, than the case we are considering. The only acts claimed by the appellants that the commissioner of highway performed, which leads to the conclusion that he accepted the bridge as part of the highway system, is that minor improvements were made by the commissioner upon the bridge. The commissioner had nothing to do with the location of the bridge, or the highways leading to it, as they did in the *Dayton* case, (*supra*). The roads had been dedicated by the owners of the property, and the bridge built by private subscription as a connecting link in the road for the benefit of the owners of lots and of visitors to Blackhawk Island. The court held that in the *Dayton* case that the officers could not be heard to say that they did not intend to accept this bridge as part of the highway system when they levied a tax for the specific purpose of rebuilding the bridge. We find no such state of facts in the case in question.

Before a writ of mandamus should be issued to compel an officer to perform a duty, the trial judge must be satisfied from clear and convincing evidence that the plaintiffs are entitled to such writ. Before this court will reverse the judgment of the trial court, it must be convinced that the finding of the trial court was against the manifest weight of the evidence. From a review of the evidence and the cases as cited by the respective parties, we think that the court properly found that the plaintiffs were not entitled to the writ of mandamus, and the judgment of the trial court will be affirmed.

*Affirmed.*