Edward C. Bodman

*v.*

Lake Fork Special Drainage District *et al.*

*Filed at Springfield March 31, 1890.*

1. Chancery—*jurisdiction—annexing territory to drainage district—remedy to question its validity.* A court of equity has no jurisdiction of a bill to question the validity of the annexation of land to a drainage district, under section 42 of the drainage act of 1885. The proper remedy in such case is a *quo warranto* against the drainage commissioners, requiring them to show by what warrant or authority they have made such annexation.

2. The fact that a bill in chancery does not attack the validity of the organization of a drainage district, but its territorial extent, only, and that it calls in question the authority of the commissioners to act, in the first instance, over the territory claimed to have been annexed, and not the validity of acts already done by them on the faith of the validity of the annexation, will not give a court of equity jurisdiction of a bill questioning the power of the commissioners to annex other lands to the district.

3. Injunction—*remedy at law.* It is always a sufficient objection to the granting of an injunction that the party aggrieved has a full and adequate remedy at law.

Appeal from the Circuit Court of Piatt county; the Hon. J. F. Hughes, Judge, presiding.

Messrs. Johns & Randolph, and Mr. W. E. Nelson, for the appellant:

The drainage district has conferred upon it, in general terms, the power to make contracts and to sue and be sued, (Laws of 1885, p. 95, sec. 52, p. 78, sec. 1,) and therefore, to make all contracts which are necessary, usual, fit and proper to its corporate purposes, whether the power is conferred in express or general terms, or by implication, as incidental and necessary to execute special powers. 1 Dillon on Mun. Corp. sec. 443; *Galena* v. *Corwith,* 48 Ill. 424; *Coldwater* v. *Tucker,* 24 Am. Rep. 601.

If this contract is in excess of the powers of the corporation,. yet within its general scope, it is valid, because it is executed and not against public policy.   Sedgwick on Stat. and Const.. Law, 72; *Farmers' Trust* v. *Dhein*, 43 Wis. 436; *Merritt* v. *Willard*, 4 Keyes, 408; *Parish* v. *Wheeler*, 22 N. Y. 503; *East St. Louis* v. *Gas and Coal Co.* 98 Ill. 415; *Zabriskie* v. *Railroad Co.* 64 U. S. 387; *Whitney Ames Co.* v. *Barlow*, 63 N. Y. 62..

Having once decided that these lands should not be taken into the district, the commissioners can not arbitrarily include them, without notice or petition.  Laws of 1885, p. 91, sec. 42..

The doctrine of estoppel *in pais* applies to corporations. *Logan County* v. *City of Lincoln*, 81 Ill. 156; *Railway Co.* v.. *Joliet*, 79 id. 25; *Lee* v. *Mound Station*, 118 id. 305; *Martel* v. *East St. Louis*, 94 id. 67; *Petersburg* v. *Mappin*, 14 id. 193 ; *Piatt County* v. *Goodell*, 97 id. 84; *Sexton* v. *Chicago*, 107 id.. 323; *Railroad Co.* v. *Thompson*, 103 id. 203; *Brall* v. *Agnew*,. 15 Ill. App. 124; *Gaslight and Coke Co.* v. *Gaslight and Coke Co.* 20 id. 473; *Railroad Co.* v. *Tipton*, 39 Am. Dec. 344; .*Hall* v. *Insurance Co.* 64 id. 370; *Genoa* v. *Van Alstine*, 108 Ill. 555.

Injunction is the proper remedy in this case.   2 High on Injunctions, sec. 1254; 1 id. sec. 536, *et seq.; Windham* v.. *Vincennes,* 58 Ind. 480; *Peru* v. *Bears,* 55 id. 576; *Pittsburgh's Appeal,* 79 Pa. St. 317; *Rock Island* v. *Huesing,* 25 Ill. App.. 600; *Lemont* v. *Stone Co.* 98 Ill. 98; *Hesing* v. *Scott,* 107 id.. 600; *Railroad Co.* v. *Owing,* 74 Am. Dec. 563, and note; *Holland* v. *Mayor,* 69 id. 202, and note; *Hotel Co.* v. *Lieb,* 83 Ill.. 602; *Railroad Co.* v. *Cole,* 75 id. 591; *Paul* v. *Railroad Co.* 4 Dill. 35; *Land Co.* v. *Buffalo,* 7 Neb. 253; *Clark* v. *Dunkirk,*. 12 Hun, 181; *Kennedy* v. *Troy,* 14 id. 308.

Mr. S. R. Reed, and Mr. H. H. Crea, for the appellees:

The legality of the organization or formation of a corporate body, such as a drainage district, and its right to perform corporate acts and functions when it is a *de facto* corporation,.

can not be questioned by bill in chancery. *Keigwin* v. *Drainage Comrs.* 115 Ill. 347; *Evans* v. *Lewis,* 121 id. 478; *Renwick* v. *Hall,* 84 id. 162; *Osborn* v. *People,* 103 id. 224; *Trumbo* v. *People,* 75 id. 561; *Blake* v. *People,* 109 id. 504.

The contract between appellant and the commissioners is void, because it is an attempt to cede and barter away the power and authority delegated by law to the drainage commissioners. Laws of 1885, p. 91, sec. 42.

Corporations can not make contracts that will disable them from performing their public duties. 1 Dillon on Mun. Corp. sec. 61.

The contract is beyond the power of the commissioners to make, and therefore void. *Fitch* v. *Pinckard,* 4 Scam. 69; *City of Alton* v. *Insurance Co.* 82 Ill. 45; 1 Dillon on Mun. Corp. sec. 381.

Mr. Justice Scholfield delivered the opinion of the Court:

This is a bill to enjoin the commissioners of Lake Fork Special Drainage District, in the counties of Piatt, Champaign and Douglas, from acting as such over certain lands belonging to appellant.

It is provided by the 42d section of the Drainage act of 1885, that "the owners of land outside the drainage district * * * may connect with ditches of the district already made, by payment, etc. * * * If individual land owners outside the district have or shall so connect, they shall be deemed to have voluntarily applied to be included in the district, and their lands benefited by such drainage shall be treated, classified and taxed like other lands within the district." (Laws of 1885, p. 91.) The commissioners, claiming that appellant had connected drains of lands outside of the original drainage district with the ditches of the district, adopted a resolution, pursuant to this section, declaring the lands the drains whereof are thus connected with the ditches of the district, annexed

to the drainage district. The bill charges that this is unauthorized and illegal, for several reasons which need not be specifically stated, since the sole question presented is the legality of the annexation of these lands to the drainage district. Manifestly, this is purely a question of law, involving no principles of equitable cognizance, and a *quo warranto* to the drainage commissioners, requiring them to show by what warrant or authority they presume to make the annexation, would bring it before a court of law for its determination. The rule is too familiar to need the citation of authorities in its support, that it is always a sufficient objection to the granting of an injunction, that the party aggrieved has a full and adequate remedy at law.

Nor do we think it is of any pertinence that the bill does not attack the validity of the organization of the drainage district, but the territorial extent of it, only, and that it calls in question the authority of the commissioners to act, in the first instance, over the particular territory, and not the validity of acts already done by them on the faith of the validity of the annexation, as counsel argue. The question to be determined, in any view, is a purely legal question, and these circumstances invest it with no equitable element which a court of law is incompetent to adjudicate. The remedy should have been by *quo warranto* against the commissioners. *Keigwin et al.* v. *Drainage Comrs.* 115 Ill. 347; *Evans et al.* v. *Lewis et al.* 121 id. 478; *Renwick et al.* v. *Hall et al.* 84 id. 162; *Osborn* v. *The People,* 103 id. 224; *Trumbo* v. *The People,* 75 id. 561; *Blake* v. *The People,* 109 id. 504.

The circuit court properly denied the relief prayed, and dismissed the bill. The decree is affirmed.

*Decree affirmed.*