## The People of the State of Illinois, ex rel. John I. Hall, et al., v. Drainage Commissioners of Arcola, etc.

1. QUO WARRANTO—*refusal of leave to file, subject to review.* While the refusal of leave to file a petition for a writ of *quo warranto* is a matter discretionary with the court, yet the discretion exercised must be a sound discretion according to law and its exercise is subject to review.

2. QUO WARRANTO—*refusal of leave to file, held erroneous.* Refusal of leave to file a petition for a *quo warranto*, held erroneous in this case where such petition sought to question the right of certain commissioners of a drainage district to annex certain lands to such district belonging to the relators.

3. STATE'S ATTORNEY—*what does not defeat right of, to prosecute quo warranto proceedings.* Notwithstanding the relators named in a petition for *quo warranto* may have a personal interest in the proceeding, yet the state's attorney is authorized to prosecute the same where the public has an interest and where the state's attorney denies that the proceeding is brought solely for the benefit of the relators.

*Quo warranto* proceeding. Error to the Circuit Court of Douglas County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded with directions. Opinion filed December 22, 1905.

FRANK T. ROBOSON, State's Attorney, for plaintiff in error; JOHN H. CHADWICK, J. M. MERICA and EDWARD C. CRAIG, of counsel.

ECKHART & MOORE, for defendants in error.

MR. JUSTICE BAUME delivered the opinion of the court.

The state's attorney of Douglas county, in the name of the People, on the relation of certain land owners, filed a motion and verified petition and accompanying affidavits of the relators, in the Circuit Court of Douglas County for leave to file an information in the nature of a *quo warranto* against the commissioners of drainage district number 1 of the town of Arcola in said county, requiring them to show by what warrant they had assumed to annex to said district certain lands belonging to the relators. In response to a rule *nisi* entered by the court, the respondents filed their affidavits in answer thereto, and the state's attorney his affidavit in reply. The court, upon a consideration of the petition and proofs, denied the motion and dismissed the petition at the cost of the relators, and this writ of error is prosecuted to reverse such judgment.

The lands of relators were annexed to the drainage district by a resolution adopted by defendants in error declaring that said relators had connected with the ditches of the district, whereby they were deemed to have voluntarily applied to be included in said district and subjected their lands to be treated, classified and taxed like other lands in the district, as provided by section 42 of the Farm Drainage Act. The verified petition and the affidavits of the relators accompanying it, positively deny that the relators have connected with the ditches of the district, while the affidavits of the defendants in error assert argumentatively that such connection was made.

Upon this issue of fact, plaintiff in error has clearly established probable cause for granting leave to file the information. Refusing leave to file an information in the nature of a *quo warranto* is within the judicial discretion, but the discretion to be exercised is a sound discretion ac-

606     APPELLATE COURTS OF ILLINOIS.

VOL. 123.]   People ex rel. Hall v. Drainage Comrs. of Arcola.

cording to law, and is subject to review.   People v. Callaghan, 83 Ill. 128;  People v. Town of Thornton, 186 Ill. 162.

There is no appeal from the decision of the drainage commissioners, when assuming to act by virtue of section 44 of the Farm Drainage Act, either as to the annexation of lands outside the district or the classification of the lands so annexed, and the remedy here sought to be invoked by plaintiff in error being the appropriate remedy (Bodman v. Drainage District, 132 Ill. 439), the necessity and policy of allowing the information to be filed may very properly be considered.   People v. Drainage Commissioners, 143 Ill. 417;  People v. Schnepp, 179 Ill. 305.

It is urged by defendants in error that some of the relators, having attended the meeting of the commissioners called for the purpose of hearing objections to the classification of said lands according to benefits, and participated to some extent in the discussion there had, are estopped from questioning the right of the commissioners to annex the lands to the district.   It is clear that the notice to the relators that such meeting of the commissioners would be held was the first information the relators had that their lands had been included in the district.   It was most natural, therefore, that the relators should have attended the meeting and entered their vigorous protest against the action of the commissioners in including their lands in the district, or in classifying them according to alleged benefits.   If the relators had failed to appear at such meeting, such failure would doubtless have been urged as estopping them from denying the right of defendants in error to include the lands in the district, or to classify them.   We see no element of estoppel in the case.

In vacation, before the term of the Circuit Court of Douglas County, at which the judgment here involved was entered, the state's attorney presented to the judge a like petition upon the relation of some of the land owners now appearing as relators, which petition was then denied, and it is insisted that the denial of such former petition is *res judicata* in this case.   In the absence of statutory authority

Atchison, Topeka & Santa Fe Ry. Co. v. Pitts.

therefor, the order of a judge, in vacation, refusing leave to file an information in the nature of a *quo warranto*, is not a final order subject to review on appeal or writ of error. The case of Cormack v. Marshall, 211 Ill. 519, cited by defendants in error, is not pertinent here for the reason that the order of the Circuit Court in the *habeas corpus* proceeding there involved was entered in term time.

While the relators may have a personal interest in the granting of leave to file the information here involved, and may anticipate a direct benefit to themselves, not inuring to the general public, by the judgment of the court upon a final hearing, the drainage district being a public corporation, the proceeding is, nevertheless, one in which the public are also interested. C., B. & Q. R. R. Co. v. People, 212 Ill. 103. And where, as in this case, the state's attorney denies that it is brought solely for the benefit of the relators, and asserts that he has instituted it in his official capacity for the benefit of the public, the presumption must prevail that he is acting on behalf of the people.

The judgment of the Circuit Court is reversed and the cause remanded, with directions to the Circuit Court to grant leave to plaintiff in error to file the information.

*Reversed and remanded with directions.*