(No. 11440.—Decree affirmed.)

THE WASHINGTONIAN HOME OF CHICAGO, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed October 23, 1917—Rehearing denied Dec. 7, 1917.*

1. APPEALS AND ERRORS—*when Supreme Court has no jurisdiction to determine validity of an ordinance.* Where a bill in equity confers no jurisdiction on the trial court to determine the validity or constitutionality of an ordinance the Supreme Court has no jurisdiction to consider that question on appeal.

2. INJUNCTION—*when question of validity of ordinance is not cognizable in a court of equity.* A court of equity cannot entertain a bill to enjoin the prosecution of a suit at law for the violation of an ordinance upon the sole ground that the ordinance is invalid. (*Condon* v. *Village of Forest Park,* 278 Ill. 218, distinguished.)

3. SAME—*when court of equity may interfere with a prosecution for the violation of an invalid ordinance.* If it clearly appears in a bill for an injunction that a prosecution for the violation of an invalid ordinance has been commenced in a court of law and that that court cannot adequately protect the rights of the defendant because the controversy properly includes some equitable feature which can be determined only by a court of equity, such court may, and should, interfere and decide the controversy.

4. SAME—*when an injury is irreparable.* An injury may be said to be irreparable when it is of such a nature that the injured party cannot be adequately compensated therefor in damages or when the damages which result therefrom cannot be measured by any certain pecuniary standard.

5. SAME—*bill must allege facts showing an irreparable injury.* Where the ground of equitable relief in an injunction suit is irreparable injury, it is not sufficient to charge in the bill, in general terms, that the complainant will sustain such injury, but facts and circumstances must be alleged from which it may be seen that irreparable injury will be the result of the acts complained of and that the law can afford no adequate remedy.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

A. W. MARTIN, and EDWARD H. S. MARTIN, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, (MORTON S. CRESSY, DANIEL WEBSTER, and EMANUEL ELLER, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county sustaining a general and special. demurrer to a bill for an injunction and dismissing the bill for want of equity at the costs of appellant. The city of Chicago was made defendant to the bill, and the prayer thereof is that a certain. ordinance of said city be declared null and void, and that said city (appellee) be enjoined from prosecuting a certain suit against appellant under said ordinance and pending in the municipal court of the city of Chicago, and that said city be perpetually enjoined from the prosecution of any other or further suits under said ordinance.

The bill sets forth that appellant, the Washingtonian Home of Chicago, is a corporation created by legislative enactment of this State for the care, cure and reclamation of inebriates; that for many years last past it has been conducting an institution for such purpose, located at the south-

east corner of Ogden avenue and Madison street; that said institution is conducted in a certain building on a tract of land at that location, containing four stories and erected in the year 1875; that all its property and effects were acquired by gift, grant, devise, bequest or payment for the care, cure and reclamation of inebriate patients, or from the rent, interest, income or increase on such property and effects and the investment and re-investment thereof; that $31,576 of the property and effects so received by it was received under the provisions of the last will and testament, and codicil thereto, of Jonathan Burr, deceased; that Burr died testate February 4, 1869, and that among the provisions of his will was one by which he gave and bequeathed to appellant one-eleventh part of the rest and residue of his property amounting to said sum, but in trust to invest, hold, manage and control the same and the same from time to time re-invest and the annual income thereof to use and expend in the payment of the current expenses of said institution; that appellant is not a corporation for profit but is purely and solely a charitable corporation and has always been such a corporation; that in carrying out the objects for which it was incorporated it cares for certain inebriates absolutely free of charge and makes charges for the care of other patients who are able to pay therefor; that all the income derived therefrom after deducting the necessary expenses of conducting the business and repairs of appellant is used in caring for, curing and reclaiming other inebriates wholly without charge and as a matter of charity; that appellant has never declared any dividend or divided any of its income, property or effects among its members or claimed the right so to do, and does not conduct the institution, and never has conducted it, for profit or with the view of making any money or property therefrom.

It is further alleged in the bill that appellee adopted and passed July 22, 1912, a certain purported ordinance, by section 1 of which it created a bureau of the Chicago fire de-

partment known as "Fire prevention and public safety;" that section 18 thereof provides that every building thereinafter specified (and which specifications include appellant's building) which is in existence at the time of the passage of the ordinance shall be equipped with an improved automatic sprinkler system as therein required, within two years from and after the passage of the ordinance; that section 30 thereof provides that there shall be installed in the class of buildings to which appellant's building belongs according to the classification in said ordinance, one or more four-inch stand-pipes, which shall extend from the basement to the roof, provided with one hose connection available for the roof level of said building on each floor and in the basement or basements, with sufficient one-and-a-half-inch hose attached to reach any point thereof, such stand-pipe to be supplied with water by an approved automatic fire pump having a capacity of not less than 250 gallons per minute; that sections 4, 7 and 19 of the ordinance provide that the chief of fire prevention shall inspect or cause to be inspected all such buildings; that in case it is found that any of the provisions of said ordinance are not being complied with, said chief shall give notice in writing to the owner, occupant, lessee or person in charge of or in control of said building to comply with the provisions of said ordinance within a time to be designated by him, within fifteen days of the receipt of such notice; that in case such compliance is not made he shall make return of said violation to the department of law of the city for prosecution; that it shall be unlawful to continue to use or occupy any building which does not comply with such ordinance until the same is altered or changed to comply with it; that said chief may call upon the department of police for aid or assistance in carrying out or enforcing the provisions of the ordinance, and that the department of police, or any member thereof when called upon by him in that regard, shall act according to the instructions of said chief in enforcing or putting into

281 — 8

effect the provisions of said ordinance; that if any building does not comply with said ordinance in its equipment said chief shall notify the owner, lessee or occupant of said building to immediately cease to use or occupy said building; that after the receipt of such notice it shall be unlawful to occupy such building for any purpose until the sprinkler system provided for shall be installed and in operation and inspected and approved by said chief; that section 22b provides that for the violation of the provisions of the ordinance by any owner, agent or person in control of such building such person shall be fined not less than $5 nor more than $200 for each offense, and that each and every day that such building is occupied contrary to the ordinance shall be considered a distinct and separate offense; that section 27 of said ordinance provides that the installation of inside stand-pipes may be waived in buildings equipped with automatic sprinkler systems in conformity with the ordinance, if in the judgment of the chief of fire prevention and public safety such stand-pipe or pipes are unnecessary.

It is further alleged in the bill that appellee has long since given appellant written notice to equip its building with an inside stand-pipe and a system of automatic sprinklers in accordance with what appellee claims to be the provisions of said ordinance; that appellee threatens to harass appellant with various proceedings at law in an endeavor to compel it to equip said building with such inside stand-pipe and automatic sprinkler and threatens to prevent appellant from using the said building unless it so equips the same; that appellee commenced an action of debt against appellant in the municipal court of Chicago, and set forth in its statement of claim September 21, 1916, that the claim of appellee in said suit is for a penalty not exceeding $200 for a violation by appellant of sections 18, 24 and 30 of said ordinance by its failure to equip its said building, in accordance with the provisions of said ordinance, with improved

inside stand-pipe and a system of automatic sprinklers; that said ordinance is unreasonable, oppressive, arbitrary, discriminatory, null and void, discriminates between property owners of the same class and similarly situated and between buildings of the same class and similarly situated, illegally purports to leave to the arbitrary judgment and discretion of the chief of fire prevention and public safety the question whether or not inside stand-pipes shall be installed in buildings of the same class, and illegally requires sprinkler systems to be installed in buildings in class 2c (the class to which appellant's building belongs) on each floor having an area of more than 6000 square feet, except in sleeping rooms, reading rooms, parlors, bath-rooms, dining rooms, smoking rooms, gymnasiums, and except hallways containing stairs or elevator shafts inclosed with incombustible or fire-proof material, whereas many rooms of a kind not named in such exceptions are in the same class as rooms named in such exceptions and no more subject to danger from fire and no more dangerous to life or property in case of fire and offer no more or greater obstacles to the extinguishment of fire than rooms named in such exceptions; that said ordinance is vague and indefinite and does not fix or sufficiently describe the kind of automatic sprinkler systems to be installed in buildings, but illegally leaves the matter to the discretion of an official to determine what kind of stand-pipes and sprinkler systems and apparatus shall be installed; that said ordinance in its provisions violates sections 2 and 13 of article 2 of the constitution of Illinois and section 1 of the fourteenth amendment of the constitution of the United States, which provide that no person shall be deprived of liberty or property without due process of law and shall not be deprived of property without just compensation and shall not be denied the equal protection of the law.

It is further averred that appellant has investigated the cost of installing the system of automatic sprinklers and in-

side stand-pipes for its building as prescribed by said ordinance, and that such cost will be from $7000 to $10,000; that in order to install the same appellant will not only have to use a part of the trust fund received by it under said will, but will have to use a portion of the other funds which appellant has invested and from which it derives an income; that appellant is in doubt as to its right, power or authority to use any part of the income from said trust fund received under said will in such an expenditure, and desires the advice, aid and direction of the court in the proper construction of the provisions of the will as to whether it may make such expenditures; that said building of appellant is rapidly becoming unsuited for the use to which appellant has been putting it, as aforesaid, and that appellant will within a short time, probably within the next five years, be compelled to tear down the building and erect a modern one upon the same site more suitable to its purposes; that said building in its present condition is not dangerous to life or property through danger of fire, and that the installation of such sprinkler system and stand-pipes is wholly unnecessary and unreasonable, and in case of the tearing down of the building the expense of such installation would be a total loss; that many of appellant's patients are in such a condition of extreme inebriation that they are not in condition to act reasonably or with a due regard to the safety of property, and that the nature of the equipment required to be installed in said building is such that an irrational or mischievous act of one of such patients might set to flowing from such apparatus and equipment large quantities of water, which would do great damage to said building and its contents; that while said real estate is unincumbered and worth several times the cost of installing the inside stand-pipes and automatic sprinkler, still if appellant could borrow the money to pay the expense thereof by the execution of a mortgage, nevertheless the same would have to be paid some time, and that appellant does

not know whether or not it could borrow money on said real estate; that appellant's total expenses for the year 1916 were $1137.02 more than its total income, and that such deficit may increase in the future by reason of the increasing cost of labor and materials; that the procuring of donations sufficient to enable appellant to erect said purported new building will require many months,—a time greater than the time in which said lawsuit may be forced to final trial unless appellant is protected by injunction; that there is no other building obtainable in the city suitable for appellant's purposes, and that its building is suited only to such use as appellant is now applying it, and for that reason no money or profits can be realized by renting it for other uses; that if appellee carries out its threat and prevents appellant from using said building without installing said automatic sprinkler and inside stand-pipe, and continues to prosecute said suit and other suits at law against appellant, it will suffer irreparable injury; that appellee will act, in the matter of depriving appellant of the use of its premises, through insolvent agents, officials or employees, from whom appellant will be unable to collect any compensation or reparation for the damages it will suffer; that its damages will be uncertain in amount and impossible of accurate determination, and that appellant is without adequate remedy and will be subjected to irreparable injury if denied the relief prayed in its bill.

Appellee alleged, among others, the following special causes of demurrer to said bill: (1) That appellant's bill affirmatively shows that its property is unincumbered and worth several times the cost of installing the stand-pipe and automatic sprinkler and has other funds invested than those bequeathed by said will, and that it is able to borrow sufficient money with which to pay the cost of installing said system; (2) that the bill does not clearly and definitely show wherein and whereby appellant would be irreparably injured by a compliance with said ordinance and fails to

allege facts and circumstances showing that appellant would be irreparably injured; (3) that the bill fails to show any reason or ground for a court of equity to enjoin the prosecution of said suit at law, and that a court of equity has no jurisdiction to enjoin a suit at law under an ordinance without such an equitable showing.

If the bill conferred no jurisdiction upon the superior court to determine the validity or constitutionality of said ordinance this court has no jurisdiction to do so on this appeal. The mere question whether or not an ordinance or a statute is constitutional and valid is one cognizable in a court of law but is not cognizable in a court of equity. The case of *Condon* v. *Village of Forest Park,* 278 Ill. 218, cited by appellant is not in point. The sole question in that case was whether or not the ordinance was a valid ordinance. No suit at law on the ordinance was pending and no question was raised in that suit as to the jurisdiction of a court of chancery to decide the constitutionality of the ordinance. It has often been decided by this court that a court of equity cannot entertain a bill to enjoin the prosecution of a suit at law for the violation of an ordinance of a city, town or village upon the sole ground that such ordinance is invalid or unconstitutional. (*Kearney* v. *City of Canton,* 273 Ill. 507.) If, however, it clearly appears from the bill of complaint that a prosecution for the violation of an invalid ordinance has been commenced in a court of law and that that court cannot adequately protect the rights of the defendant, and that the controversy includes some equitable feature which can be determined only by a court of equitable jurisdiction, a court of equity may, and should, interfere and decide the controversy. *City of Chicago* v. *Chicago City Railway Co.* 222 Ill. 560; *Cicero Lumber Co.* v. *Town of Cicero,* 176 id. 9.

Appellant contends that its bill of complaint conferred equitable jurisdiction upon the superior court to pass upon the validity of the ordinance in question and to enjoin the

prosecution of said lawsuit on its showing that irreparable injury would result to appellant by the enforcement of the invalid ordinance in the municipal court. Appellee challenges that proposition by its contention that there is no sufficient showing by the bill that the ordinance is invalid, and if invalid the bill does not contain a definite and sufficient statement of facts to show that appellant will sustain irreparable damage by being left to its remedy at law. It may be said that an injury is irreparable when it is of such a nature that the injured party cannot be adequately compensated therefor in damages, or when the damages which result therefrom cannot be measured by any certain pecuniary standard. (*Wilson* v. *City of Mineral Point,* 39 Wis. 164; *Musch* v. *Burkhart,* (Iowa) 48 N. W. Rep. 1025.) It may well be conceded that if appellant should be prevented for any considerable time from using its building in the pursuit of its charitable work its damages would be irreparable. Its loss would not be a financial loss or the loss of money or property or profits, but would simply be the loss of its right to pursue its charitable work, secured and guaranteed to it by an act of the legislature of this State. Such a loss or damage cannot be measured by any pecuniary standard. Its damage would be merely nominal in a pecuniary sense and yet very serious and substantial when measured by the standard of moral right and justice.

When the remedy by injunction is sought on the ground that injurious acts are about to be done it must be shown by the allegations of the bill that there is imminent and actually impending danger of the plaintiff's rights being violated. In every instance in which an injunction is sought the bill must be explicit in disclosing the obstacles to adequate redress at law, the doctrine being elementary at law that a party with a plain, speedy and adequate remedy at law is not entitled to go into equity and ask for an injunction. (10 Ency. of Pl. & Pr. 953.) Where the ground of the equitable relief is irreparable injury, facts and circum-

stances must be alleged in the bill from which it may be seen that irreparable injury will be the result of the acts complained of and that the law can afford the party no adequate remedy. (*Goodell* v. *Lassen,* 69 Ill. 145.) It is not sufficient to charge in such a bill that the complainant will sustain irreparable injury. It is not sufficient to charge, in general terms, that the defendant threatens to do the complainant irreparable injury or threatens to do an act or accomplish a thing which will cause irreparable injury. The bill in such a case must allege, and it must appear affirmatively from the facts set forth, that the injury will be sustained by the complainant in consequence of the acts apprehended. (10 Ency. of Pl. & Pr. 945-950, and notes.) There is no showing in appellant's bill, by its statement of facts, that it will be prevented from using its building in case it fails to comply with what it alleges to be the invalid ordinance. The ordinance itself does not provide that the appellee or any of its agents or employees may absolutely, without legal process, throw appellant out of its building, and there is no charge in the bill that appellee or any such agent or employee has ever said or positively indicated that appellant would be thrown out of its building or its occupation taken from it by force and without due process of law. While the ordinance declares that it shall be unlawful to use or occupy said building unless the ordinance is complied with, the only thing that the city has ever done in fact, as shown by the allegations in the bill, is to institute the suit at law against appellant, under said ordinance, in the municipal court. There is no averment that any employee of appellant has been arrested or sued under said ordinance because appellant has not complied with the ordinance, or that appellee has done any other act toward appellant's employees that would deter or prevent them from continuing in their employment at its institution. For all that appears upon the face of the bill, if appellee did make a threat to oust appellant from the possession of its building

it was a mere threat to do so legally,—*i. e.*, after first having the judgment or order of some court adjudging that appellee might take such possession.   It is positively alleged in the bill that appellee threatens to harass appellant with various proceedings at law to compel it to equip said building as provided by the ordinance.   The answer to that charge is, that in every such proceeding, whether at law or equity, appellant would have the right to defend on the ground that said ordinance is invalid and unconstitutional. It is virtually conceded that appellant cannot maintain its bill upon the ground that a multiplicity of suits would be prevented, and there is no suggestion in its bill or in its argument that it relies upon such ground.   The bill discloses but this single controversy between appellant and appellee. The rights of numerous parties are not involved, and there is no equitable ground of relief upon the doctrine of a multiplicity of suits being prevented.   For the reasons aforesaid, our conclusion must be that the bill is not sufficient in its showing that appellant will sustain irreparable injury, but for aught that appears therein it has a complete remedy at law, as a law court is bound to recognize the defense that the ordinance is unconstiutional or invalid, if the same appears.

Appellant clearly shows, by the allegations in its bill, that its property is unincumbered; that besides the trust property in its hands under the provisions of said will it has other notes and securities from which it derives an income. Appellant positively expresses the belief that it will be able to raise money, by way of donations to it, with which to even build a modern building within five years, and gives that as a reason why it should not at present comply with said ordinance, because it would amount to throwing that much money away or spending it for permanent improvements on a dilapidated or ill-fitted building unsuited to its use.   The court below therefore properly determined that the allegations that it desired a construction of the said

will, etc., furnished no equitable ground for the restraint of appellee from the prosecution of its lawsuit. There is also an allegation that the building and grounds are worth many times the cost of equipping said building under the ordinance. Therefore, while appellant expresses doubt as to its ability to borrow money, the real showing by its bill is that it is able not only to borrow the money but to re-pay it out of other means and resources than from the proceeds or principal of the trust money under the will. The determination in a court of equity, therefore, of appellant's right to use the trust fund under the will, would be a useless and unnecessary proceeding, because there is no showing that it will be compelled to use such fund in the expense for said equipment. The great expense which it is alleged will be required to comply with the ordinance is within itself no defense or excuse, either in law or equity, for appellant's failure to comply with the ordinance, unless such expense is so unreasonable as to amount to a confiscation of the property. The same is true, also, of the allegation of appellant's inability to comply with the ordinance, if the same is, in fact, legal and valid.

The charge in the bill that appellant will be harassed by insolvent agents or employees, who could not legally be compelled to respond in damages, is virtually already answered by the concession that appellant's damages would be irreparable if such agents or employees in fact took away the possession and use of said building from it, as it is further alleged in the bill that there was no other building in the city suitable to its use, etc. Such insolvent employees could not do irreparable injury to appellant by way of legal procedure in any court, and the bill does not show, as already shown, that appellant is in any imminent danger of having its building or occupation thereof taken from it.

The result of our conclusion is that the bill does not disclose any equitable ground for the interference of a court of equity by injunction; that appellant has a plain and ade-

quate remedy at law in the decision of really the only question involved in this case, namely, the legality or constitutionality of the ordinance in question; and that it is not proper to further consider in this opinion the question of the validity of said ordinance.

The decree of the superior court is right, and it is therefore affirmed.

*Decree affirmed.*