JERRY BOYD *et al.*, Plaintiffs-Appellees, *v.* BOARD OF TRUSTEES, MITCHELL PUBLIC WATER DISTRICT, Defendant-Appellant.

(No. 73-65;

Fifth District—October 29, 1973.

Leon G. Scroggins, of Kinder, Scroggins & Kinder, of Granite City, for appellant.

Jerry and Charlene Boyd, *pro se.*

Mr. JUSTICE JONES delivered the opinion of the court:

In September 1972 plaintiffs-appellees filed a complaint for an injunction to restrain the defendant-appellant water district from terminating their water service. The cause was heard and on November 17, 1972, the trial court granted a writ of injunction. From this decree the water district appeals.

The Mitchell Public Water District is a public water district created pursuant to provisions of the Public Water District Act (Ill. Rev. Stat. 1971, ch. 111⅔, par. 188 *et seq.*) Plaintiffs-appellees, husband and wife, are customers residing within the boundaries of the district. Some time prior to September 1972 the Board of Trustees of the District established a policy which provided that upon the receipt of "an insufficient funds" check from a customer the District would not thereafter accept a check or checks in payment of water service for a period of one year. During this period cash payments would be required. In addition the Board established a policy which provided that the one-year period would be extended from any month in which a payment was not made within the time specified.

In July 1970 plaintiffs-appellees, in payment of their service bill, sent to the District a check which was returned "insufficient funds." During the ensuing year, appellees for one or more months were late in making payments to the District. In September 1972 appellee Jerry Boyd tendered payment of his water bill by check. This was refused by the District. The check was retendered and the District again refused to accept it in payment for services. On or about the 15th of September, 1972 the District terminated water services to the appellees.

Both the appellant and the appellees agree that two issues are involved in this appeal—whether or not an injunction is an appropriate remedy against the water district and whether or not the policies referred to above are reasonable.

■■ Whether or not injunction is a proper remedy against a public body such as a water district depends on the relief sought. We believe it is a proper remedy to challenge the validity of an ordinance, regulation, or rule if it is found to be invalid. *Ferguson Coal Co. v. Thompson,* 343 Ill.

20, 174 N.E. 896; *Washingtonian Home of Chicago v. City of Chicago,* 281 Ill. 110, 117 N.E. 737.

Appellant cites a number of cases to support its view that injunction is not a proper remedy. But examination of these cases discloses that in none of them was the validity of a law, ordinance, or rule challenged. In *Bodman v. Drainage Comm'rs of Lake Special Drainage Dist.,* 132 Ill. 439 24 N.E. 630, the question was whether or not drainage commissioners had proceeded in accordance with the law in annexing land to the district. In *Coven Distributing Co. v. City of Chicago,* 346 Ill. App. 448, 105 N.E.2d 137, the question was whether or not a particular kind of pinball machine violated a prohibitory provision in the City Code of Chicago. The provision in the Code was not challenged. In *Litzelman v. Town of Fox,* 285 Ill.App. 7, 1 N.E.2d 915, an election contest was involved for which there are statutory procedures, hence injunction was not a proper remedy. In *Brown v. City of Chicago,* 351 Ill.App. 366, 115 N.E.2d 354, an injunction was granted against the City of Chicago, so any statements in the case regarding the inappropriateness of an injunction are *obiter dicta.* In *Rockford Amusement & Refreshment Co. v. Baldwin,* 252 Ill.App. 1, the question was whether or not a dance hall license should be issued under provisions of an Illinois law regarding such permits outside city limits. There was no question about the validity of the law. In *Fox Film Corporation v. Collins,* 236 Ill.App. 281, the court prefaced its finding with the phrase "Being of the opinion that the ordinance is valid,  *  *  *" thus making this case inapplicable to support appellant's contention. In *Panozzo v. City of Rockford,* 306 Ill. App. 443, 28 N.E.2d 748, the court held that injunction was not a proper remedy to restrain the city from entering into a contract with a higher bidder under an ordinance which specified that they should grant contracts "to the lowest secure bid." The validity of the ordinance was not challenged. In *Union Steam-Boat Co. v. City of Chicago,* 39 F. 723, an injunction to prevent the city from building a bridge was sought on the grounds that the timing and method of construction were injurious to the plaintiff. The legal authority of the city to build a bridge was not challenged.

We conclude that if the rules complained of in this case are unreasonable and hence void and unenforceable, then injunction is a proper remedy.

Appellant argues that a rule requiring payment of water bills in cash for one year following the dishonoring of a check tendered as payment for one month is reasonable. The one case cited by appellant in support of this view, *Telephone News System Inc. v. Illinois Bell Telephone,* 220 F.Supp. 621, *aff'd* 376 U.S. 782, 12 L.Ed.2d 83, 84 S.Ct. 1134, is not in

point. That case involved a termination of telephone service by the telephone company acting under a statute which required it to discontinue service after notice by law enforcing agencies and a reasonable notice to subscribers that the facility was being used to transmit or receive illegal gambling information. Rules and regulations of the defendant company were not involved. In the course of its opinion, however, the court did take occasion to remark: "A public utility must serve all members of the public without unreasonable discrimination."

We do not question the right of a public utility to make reasonable regulations with respect to customer contracts, and hence are in accord with the general statement in 73 C.J.S., p. 997 cited by the appellant. But that statement does contain an important proviso: "* * * provided such regulations are reasonable, just, nondiscriminatory, and not in contravention of law." Appellant also cites part of a paragraph from 64 Am.Jur.2d, p. 590: "It has generally been held that a public service company may exact a penalty or added amount for delay in payment of service charges provided that such penalty or added amount is reasonable and not exhorbitant." In the instant case we are not confronted with a rule exacting a penalty or added amount; furthermore, appellant did not quote the next sentence of this paragraph which states: "There is, however, authority to the contrary * * *."

■■ Though the record in this case does not contain a copy of the rules and regulations of the water company, both parties agree that the rules referred to were in existence and were applied to the appellees. The record does not disclose that appellees were apprised of these rules prior to the time they were applied to them. We agree with the trial court that the rules are unreasonable and therefore void. Payment by check is thoroughly established in our commercial life and is in accord with sound financial management. Denial of the right to pay by check must be predicated on a showing that a more substantial and continuing risk is involved to the payee with respect to a particular payor than that one check failed to clear. Many families operate "close to the line" with respect to income and expenditures from their bank account, and it is not unusual for a check to be returned for insufficient funds when a deposit has not been made by the time expected. In the instant case the fact that the appellees, since the return of their check for insufficient funds in 1970, have paid their bills and are in good standing indicates that if the bills had been paid by check, the checks would have cleared. We realize that public utilities do need rules and regulations to insure payment and that they may establish reasonable penalties for late payment or for unpaid bills, including even termination of service, but to impose the burden of making cash payments for a year simply because

one check did not clear or because a payment is late, is in our minds unreasonable. We agree with the decision of the trial court.

Affirmed.

EBERSPACHER, P. J., and G. MORAN, J., concur.